*47
 
 Marshall, O. J.
 

 Harold Grossweiler was indicted, tried, and convicted in the common pleas court of Stark county on a charge of assault with intent to commit rape. It is not necessary to recite the allegations of the indictment, or to review the evidence adduced in support of it, or the evidence adduced by the defense, further than to say that the indictment is conceded to be a good indictment, and, while counsel strenuously argue for and against the sufficiency of the ‘ evidence, a careful reading of the record discloses that there was evidence introduced by the state, which, if believed by the jury, would justify a conviction upon the offense charged, and, on the other hand, there was evidence introduced by the defense, which if believed, would not only create a reasonable doubt of the guilt of the accused in the minds of the jury, but would also rebut the element of force necessary to be established in securing a conviction on a charge of assault with intent to commit rape. The evidence introduced by the parties being such that the jury could have found a verdict of guilty, or not guilty, as they might have believed the witnesses of the state or of the defense, respectively, any error in the charge of the court instructing the jury upon the element of force would necessarily result in prejudice in the event of a verdict of guilty. We therefore find it necessary to look only to the charge of the court, and to the refusal to charge as requested by counsel for the defendant.
 

 At the close of the testimony and before the arguments of counsel to the jury, defendant requested the court in writing to give the following instructions:
 

 
 *48
 
 “(1) I charge you as a matter of law that if you find in this case that the defendant made an approach towards the prosecuting witness with intent to procure her eonsent to have sexual intercourse with her, and if she refused, he abandoned the purpose, such act would not constitute an assault with intent to commit a rape.
 

 “(2) I charge you as a matter of law that to sustain a conviction upon an indictment for assault with intent to commit rape, the testimony must show not only that the accused had a purpose at the time of the assault to have sexual intercourse with the prosecuting witness, but also that he intended to use whatever degree of force might be necessary to enable him to overcome her resistance, and accomplish his purpose.”
 

 It has been settled by this court in the case of
 
 Wertenberger
 
 v.
 
 State,
 
 99 Ohio St., 353, 124 N. E., 243, that under Section 13675, General Code, it is not mandatory upon the court to give any instructions to the jury in a criminal case before argument. This declaration has never been overruled and this court is at this time in full accord with it. That case did not decide, nor has any other case decided by this court declared, that a request made before argument may be ignored in the general charge. Neither has it ever been declared that it is necessary that the request be renewed after argument. Having carefully examined these requests, we are of the opinion that they state sound principles applicable to the case, and that the defendant was entitled to the benefit of those instructions as a part of the general charge. It is no answer to this proposition to say that there was sufficient evidence upon
 
 *49
 
 which the jury could have rendered a verdict of guilty notwithstanding these instructions, because the defendant was entitled to a fair trial, and he could only have a fair trial in event the jury should be fairly instructed upon all the law applicable to the evidence introduced. It was clearly the theory of the defense in this case that the accused did not intend to use force to accomplish his purpose, and that he only intended to procure the consent of the prosecutrix to sexual relations. There being some testimony in the record to support that theory, he was entitled to have the jury consider it, and it is apparent that he was deprived of the benefit of the consideration of that testimony by reason of the absence of any instruction upon that point in the general charge. The situation is rendered more aggravated by the fact that after the judge had completed the charge, and after the jury had been instructed to go to their jury room for consideration of the case, the court gave defendant’s counsel an exception to the refusal to make these requests a part of the general charge.
 

 This exception, appearing in the record as a part of the bill of exceptions allowed by the trial judge, indicates that the matter was called to the attention of the court at the time the charge was given, and the omission to instruct as requested therefore constitutes prejudicial error, and the judgment of conviction must therefore be reversed.
 

 Judgment reversed.
 

 Jones, Matthias, Kinkade and Bobinson, JJ., concur.