Wilkin, J.
 

 There is no dispute as to the facts in this case. The plaintiff in error, Horace L. Small, was indicted by the grand jury of Scioto county, tried in the Common Pleas Court, convicted and fined for intoxication in violation of Section 13194, General Code. The judgment of the Common Pleas Court was affirmed by the Court of Appeals, and the case came into this court upon allowance of motion to certify.
 

 . The only question presented in this court is whether the Court of Common Pleas had jurisdiction of the case. Upon arraignment the plaintiff in error filed a demurrer to the indictment upon the ground that the Common Pleas Court lacked original jurisdiction.
 

 Section 13194, General Code, which describes the offense and imposes the penalty, says in the last sentence: “A justice of the peace shall have final jurisdiction to hear and determine any prosecution arising
 
 *549
 
 under this section.” It was the contention of the plaintiff in error that the Municipal Court of the city of- Portsmouth was the only court that had jurisdiction of the case, it having "been invested with all the jurisdiction of justices of the peace in Wayne township, where the offense was committed. (Section 1579-461
 
 et seq_.,
 
 General Code.)
 

 But Section 13422-5, General Code, provides:
 

 “The court of common pleas shall have original jurisdiction of all crimes and offenses, except in cases of minor offenses, the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas.”
 

 Now the plaintiff in error contended that the term “final jurisdiction” in Section 13194 was the equivalent of “exclusive jurisdiction” as used in Section 13422-5, and that the grant of final jurisdiction to the magistrate was an exclusion of such cases from the general jurisdiction of the Common Pleas Court.
 

 With such contention this court cannot agree. The use of the word “final” to describe the jurisdiction of the lower court is not sufficient to preclude the general original jurisdiction of the Common Pleas Court as granted by Section 13422-5. That section, when read in the light of Section 13436-5, General Code, which invests the Common Pleas Court with general authority through the grand jury “to inquire of and present all offenses committed within the county”, is so expressive of an intent on the part of the Legislature to vest such jurisdiction in the Common Pleas Court that it cannot lightly be disregarded. The jurisdiction so clearly granted cannot be taken away by an inference or implication.
 

 Just what the Legislature meanit by the phrase “final jurisdiction” in Section 13194 it is not necessary to determine in order to dispose of this case. It would seem, however, that the language employed merely gives to the judgment of the lower court such
 
 *550
 
 finality as would preclude another trial upon the facts. Owing to the provisions of Section 11215, General Code* appeals from magistrate courts to the Court of Common Pleas have generally been confined to civil cases. But Section 10382 of the General Code provides that an appeal may be prosecuted from the judgment of a justice of the peace to the Court of Common Pleas in all cases not otherwise specifically provided for by law. And it has been held that such section authorizes appeals in cases instituted for the collection of penalties and fines.
 
 Bittle, Supervisor of Highways,
 
 v.
 
 Hay,
 
 5 Ohio, 269;
 
 Wright
 
 v.
 
 Munger, Paymaster,
 
 5 Ohio, 441;
 
 Hill
 
 v.
 
 Supervisor of Road District No. 6, Stonecreek Twp.,
 
 10 Ohio St., 621. The legal effect of the language employed in Section 13194 is to remove all question, if any existed, as to whether proceedings thereunder are appealable, and to restrict all right of review to proceedings in error, as provided by Section 13423-1, General Code.
 

 In any event the language employed in Section 13194 is not sufficient to decrease the original jurisdiction of the Court of Common Pleas or to exclude therefrom prosecutions under such section. The judgment of the Court of Appeals will therefore be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Bevis and Zimmerman, JJ., concur.
 

 Matthias, J., not participating.