THE STATE OF OHIO, APPELLEE, *v.* SANDERS, APPELLANT.

(No. 3318—Decided November 15, 1940.)

*Mr. Alva J. Russell,* prosecuting attorney, and *Mr. Robert Azar,* for appellee.

*Messrs. Brouse, McDowell, May & Bierce,* for appellant.

DOYLE, J. The appellant, John Sherman Sanders, stands convicted of the crime of manslaughter in the second degree. He has appealed, on questions of law, from this judgment of conviction.

It is claimed in this court, as was claimed in the motion for a new trial in the Court of Common Pleas, that:

1. The court erred in admitting incompetent evidence offered by the state.

2. The court erred in excluding competent evidence offered by the defendant.

3. The court erred in refusing to give the defendant's requests to charge on points or propositions of law involved in this action, submitted by him to the. court before argument, or to charge on the subjects therein contained in the court's general charge to the jury following the arguments of counsel, said points being as follows, to wit:

A. Defendant's written requests No. II and No. IX, on the point of lack of preponderance of evidence in favor of the guilt or innocence of the defendant.·

B. Defendant's written request No. III, on the point of the distinction between negligence and unlawful conduct.

C. Defendant's written requests No. IV and No. V, on the point of accident as distinguished from unlawful conduct.

D. Defendant's written request No. VII, on the point of what the state was required to prove in respect to the influence of alcohol and proximate cause.

E. Defendant's written request No. VIII, on the point of the showing required to be made by the state before the jury could apply the provisions of Section 12603-1 of the General Code of the state of Ohio.

4. The court erred in its general charge to the jury.

5. The court erred in its further charge to the jury, made after the jury had retired for deliberation and shortly prior to the return of its verdict herein, in the court's statement to the jury in respect to their power in recommending mercy, the said instruction of the court being an implied invitation to the jury to return their verdict finding the defendant guilty, as charged in the indictment.

6. The verdict of the jury is contrary to law.

The prosecution was predicated upon an indictment which charged the defendant with unlawfully and unintentionally killing William Deme while he (the defendant) "was engaged in violation of the laws of the state of Ohio * * * —to wit, Section 12603-1, General Code, in that he, the said * * * Sanders, did operate * * * an automobile upon a certain road * * * in the city of Akron * * * without due regard for the safety and rights of pedestrians and drivers and occupants of vehicles, so as to endanger the life, limb, and property of such persons while in the lawful use of said road * * *; and Section 6296-30(c), General Code, in that he * * * did operate said automobile * * * while in a state of intoxication or under the influence of alcohol * * *."

There is evidence in the record tending to prove that the defendant, on the evening of the fatal accident, terminated his work at the Goodrich Rubber Company at about 9:15 p. m. Near the entrance to the Goodrich plant is located a parking lot, in which he had parked his automobile. There is likewise in the same vicinity a restaurant and saloon.

On this evening, after leaving the company's premises, he entered the saloon and restaurant and remained there until after 11 o'clock. He then secured his automobile and proceeded on his way home.

The deceased lived on the west side of Sweitzer avenue, a street which runs in a northerly and southerly direction. On the north side of his home is located a driveway, which runs into his yard at right angles to the street.

On this fatal night he had moved his truck from Steiner street, where he had it parked, onto Sweitzer avenue, and from there had attempted to drive it into his driveway. The motor stalled before he had accomplished his purpose, and the truck came to a stop while extending into the street and at an approximate

right angle to the westerly curb. The truck was 17 feet in length, and the street was 28 feet from curb to curb.

Some of the witnesses testified that at the time of the accident the front wheels of the truck were at the curb (which fact, if true, would extend the rear of the truck beyond the middle of the street), while other witnesses testified that the truck extended only 12 feet into the street.

The evidence further tended to prove that, as the defendant proceeded northerly on Sweitzer avenue, the deceased was near the rear of his stalled truck. There is a dispute in the evidence as to the reason therefor. It was the claim of the prosecution that the deceased was engaged in untangling a chain. The evidence is in dispute as to whether the car of the defendant actually struck the truck. Suffice it to say that the defendant's car struck the deceased while he was working around his truck, carried him a short distance, thence came to a stop against a telephone pole on the westerly side of the street. The deceased came to his death as a direct result of this event.

At the time of the collision, the night was dark, the streets were wet and the visibility was poor. The truck was unlighted.

Prior to the argument of counsel, there was presented to the court for and on behalf of the defendant certain special requests to charge the jury. All of them were refused. Request was later made after argument to have the propositions of law contained in the special requests given to the jury in the court's general charge. It is claimed that the general charge of the court did not contain any of the propositions of law urged by the defense.

It is established in this state under present statutes that the trial court in criminal cases may, in its discretion, refuse to give requested instructions before

argument. It is likewise established that, if the propositions of law contained in the requested instructions are correct statements and pertinent to the case, they must be given, at least in substance, in the general charge, with or without any further request on the part of counsel to so charge. Compare—*Rucker* v. *State,* 119 Ohio St., 189, 162 N. E., 802; *Grossweiler* v. *State,* 113 Ohio St., 46, 148 N. E., 89; *Curtis* v. *State,* 113 Ohio St., 187, at p. 212, 148 N. E., 834; *Wertenberger* v. *State,* 99 Ohio St., 353, 124 N. E., 243; *Rheinheimer* v. *Aetna Life Ins. Co.,* 77 Ohio St., 360, 83 N. E., 491.

One of the requested instructions was in the following terms:

''If you find from the evidence that the conduct of the defendant, John Sherman Sanders, at the time complained of, was grossly and culpably negligent and that such negligence was the cause of the death of the decedent, but that such conduct on the part of the defendant, John Sherman Sanders, under the circumstances, was not unlawful, as the court defines that term, then it is your duty to acquit the defendant and to find him not guilty.''

The foregoing requested instruction was a correct statement of the law. However, in criminal trials the trial judge has the right to instruct the jury in his own language. He is under no obligation to charge the jury on every proposition of law which is requested. And as long as the general instruction is sufficient to cover the issues upon which there is evidence, a failure to give other instructions in different language is not error.

The court properly in its general charge instructed the jury that, in order to convict the defendant, it was necessary for the state to prove beyond a reasonable doubt that the defendant violated one or more of the statutes which formed the basis of the indictment, and

that such violation was a proximate cause of the decedent's death. At no time was it suggested to the jury that negligence alone could be the predicate for manslaughter.

"5. It is not error for the court to refuse to give the jury in its charge a true and pertinent proposition of law asked by counsel, provided it appears from the whole charge, that the court fairly and fully stated the law applicable to the case, although in different form and language." *Bond* v. *State*, 23 Ohio St., 349; 12 Ohio Jurisprudence, Criminal Law, Section 543.

In all there are nine separate requested instructions. The members of this court are of the opinion that the refusal of the trial court to give them to the jury did not constitute prejudicial error, with the single exception of requested instruction No. VIII.

Requested instruction No. VIII is in the following language:

"You are instructed as a matter of law, that Section 12603-1 of the General Code of the state of Ohio, pleaded in the indictment here in question, requires the state to show that the decedent, Deme, himself, was in the lawful use of the road or highway where this accident occurred, before the defendant can be found guilty of violating the provisions of this section.

"If, therefore, you find that as John Sherman Sanders approached the truck of Deme, he, the said Deme, failed to have lights thereon, as required by Section 12614-3 of the General Code of Ohio, then you cannot find the defendant, John Sherman Sanders, guilty of a violation of the provisions of Section 12603-1 of the General Code of the state of Ohio."

As heretofore noted, one of the statutes upon which the indictment was bottomed is Section 12603-1, General Code. The language of the statute is:

"Whoever operates a motor vehicle on the public roads or highways without due regard for the safety

and rights of pedestrians and drivers and occupants of all other vehicles, and so as to endanger the life, limb or property of any persons while in the lawful use of the roads or highways shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined as hereinafter provided."

The following language in the statute: "of any persons while in the lawful use of the roads," etc., as applied to this case, is a *sine qua non* obligation placed upon the person injured. And it follows therefrom that the statute cannot be violated if the person injured, at the time of his injuries, was in the act of unlawfully using the roadway.

The trial court gave to the jury the pertinent provisions of Section 12603-1, General Code. No instruction was given at any time, however, as to what would constitute "an unlawful use of the road" by the injured person. Under the circumstances of this case, if the jury found the fact to be that the truck was unlighted, they were entitled to know that such a situation was a violation of the state law on the part of the injured person, because Section 12614-3, General Code, specifically requires any person who has a truck upon a public street after dark to have thereon lights, the rays of which shall be visible at least 200 feet from the front and 200 feet from the rear.

While the failure to charge the jury in the absence of a request on a particular point might not be error of a prejudicial nature, still when the court's attention is specifically directed to a proposition of law brought into the case by the evidence and on a matter most vital to the substantial rights of the defendant, it may be error of a highly prejudicial nature. The court's attention was specifically directed to Section 12614-3, General Code, *supra*. It was a nondiscretionary duty to charge the jury on this proposition of law, whether or not the request was technically correct, for the rea-

son that the conduct of the injured person was a determining factor on the question of the defendant's violation of this particular statute. The refusal of the court to thus charge was prejudicial error.

The judgment is reversed, and the cause remanded to the Court of Common Pleas.

*Judgment reversed and cause remanded.*

WASHBURN, P. J., and STEVENS, J., concur.