THE STATE OF OHIO, APPELLEE, *v.* HOUSER, APPELLANT.
(Three cases.)

116

(Nos. 453, 454 and 455—Decided April 7, 1942.)

Mr. *Harlan F. Burket,* assistant prosecuting attorney, for appellee.
Mr. *W. S. Snook,* for appellant.

GUERNSEY, P. J.  These are separate appeals upon questions of law, from separate judgments of the Common Pleas Court of Hancock county, Ohio, in separate actions therein, each based upon a separate indictment returned by a grand jury of such county, wherein the appellee, the state of Ohio, was plaintiff, and the appellant, Bruce Houser, was defendant.

By stipulation of the parties filed in each of the cases, the three cases were tried and submitted together to the court and a jury, and separate verdicts returned, separate judgments entered upon the verdicts, and separate appeals taken, and all the testimony, evidence and exhibits introduced at the trial embodied in one bill of exceptions bearing the title of each of the cases and filed in each case.

The judgments appealed from were of conviction and sentence entered upon the separate verdicts of the jury finding the defendant guilty as charged in the respective indictments upon which the respective actions are based.

Cause number 453 in this court is an appeal from

the judgment in cause number 4783 in the Common Pleas Court based on an indictment charging the defendant with a violation of the provisions of Section 6370, General Code.

Cause number 454 in this court is an appeal from the judgment in cause number 4784 in the Common Pleas Court based on an indictment charging the defendant with a violation of the provisions of Section 6371, General Code.

Cause number 455 in this court is an appeal from the judgment in cause number 4785 in the Common Pleas Court based on an indictment charging the defendant with a violation of the provisions of Section 6373, General Code.

The defendant filed, in cause number 4783 in the Common Pleas Court, which cause is now designated as number 453 in this court, a motion for a new trial, setting forth various grounds therefor, in the caption of which motion the numbers of all three cases in the Common Pleas Court, to wit, 4783, 4784 and 4785 are set forth. The clerk of courts noted on the appearance docket the filing of this motion in cause number 4783, and in causes numbers 4784 and 4785 made a notation on the appearance docket, ''See papers filed in number 4783.''

The Common Pleas Court considered such filing as equivalent to the filing of a separate motion for a new trial in each of the cases, and overruled the same.

The defendant assigns error in each of the cases, in the following particulars:

1. The court erred in overruling the defendant's plea in abatement.

2. The court erred in overruling defendant's motion to quash the indictment filed in the case after defendant's plea to the indictment.

3. The court erred in overruling defendant's demurrer to the indictment.

4. The indictment found by the grand jury is illegal and is in violation of the Constitution of Ohio and deprived the defendant of his constitutional rights and guaranties.

5. The offense which is charged and stated in the indictment is not such an offense as is indictable under the Constitution of the state of Ohio and the statutes.

6. The court erred in refusing to exclude all evidence from the consideration of the jury at the beginning of the trial.

7. The court erred in overruling defendant's motion for a directed verdict of not guilty.

8. The court erred in refusing to give defendant's requested instruction before argument to the jury.

9. The court erred in refusing to include and give in the court's general charge to the jury, the defendant's request to charge.

10. The court erred in overruling defendant's motion in arrest of judgment.

The plaintiff has filed a motion in this court to dismiss the appeals in causes numbers 454 and 455 upon the ground that the defendant did not file motions for new trials in such causes, and upon the theory that the filing of such a motion for a new trial is a condition precedent to an appeal from a judgment of conviction in a criminal action.

While no paper writing designated as a separate motion for a new trial was actually filed by the defendant in causes numbers 4784 and 4785 in the Common Pleas Court, the captioning of the paper writing designated as and constituting a motion for a new trial with the numbers of the three causes, 4783, 4784 and 4785, with the reference on the appearance docket in causes numbers 4784 and 4785 to the paper writing

filed in cause number 4783, constituted a substantial compliance with the requirements of law with reference to the filing of motions for new trial and the filing of such motion in each case, so that the ground stated for dismissal of the appeal is without merit.

Furthermore, there is not incorporated in the assignments of error any assignment to the effect that the verdict is not sustained by sufficient evidence, or any assignment based on misconduct of the prevailing party, or accident or surprise which ordinary prudence could not have guarded against, or newly discovered evidence, for the review of which the overruling of a motion for new trial based on any of such grounds is a condition precedent, and all the assignments of error are such that they are subject to review irrespective of whether a motion for new trial has been filed and overruled. *Searles* v. *State,* 6 C. C., 331, 3 C. D., 478; 2 Ohio Jurisprudence, Appeal and Error, pages 263, 264, 269, 270, 271; *Weaver* v. *Rd. Co.,* 55 Ohio St., 491, 45 N. E., 717; *Bauer* v. *Heaton,* 68 Ohio App., 181, 38 N. E. (2d), 413; *Travelers' Indemnity Co.* v. *M. Werk Co.,* 33 Ohio App., 358, 169 N. E., 584.

For the reasons mentioned the motion to dismiss the appeal in causes numbers 454 and 455 will be overruled.

We will now proceed to a consideration of the assignments of error.

As assignments of error numbers one, two, three, four, five and ten are argued together, they will be considered together.

The sections of the General Code prescribing the separate offenses charged in the separate indictments are as follows:

"Section 6370. A person purchasing, selling, exchanging or receiving second-hand articles of any kind, scrap-iron, old metal, canvas, rope, branded bottles, junk or lead pipe, except plow irons, old stoves and

furniture, shall post in a conspicuous place in or upon his shop, store, wagon, boat or other place of business, a sign having his name and occupation legibly inscribed thereon, and keep a separate book, open to inspection by a member of a police force, city marshal, constable or other person, in which shall be written, in the English language, at the time of the purchase or exchange of such articles, a description thereof, the name, description and residence of the person from whom purchased and received, and the day and hour when such purchase or exchange was made. Every entry shall be numbered consecutively, commencing with number one.''

''Section 6371. Such articles so purchased or exchanged, as provided in the next preceding section, shall be retained by the purchaser thereof, for at least thirty days before disposing of them, in an accessible place in the building where such articles are purchased or received. A tag shall be attached to such article in some visible and convenient place, with the number written thereupon corresponding to the entry number on such book. Such purchaser shall prepare and deliver each day to the mayor of the city in which such business is carried on, before twelve o'clock noon, a legible and correct copy, written in English, from such book containing a description of each article purchased or received during the preceding day, the hour at which the purchase was made and a description of the person from whom it was purchased.''

''Section 6373. No person shall purchase or receive by sale, barter, exchange or otherwise, an article mentioned in this chapter, of a minor or apprentice, knowing or having reason to believe him to be such, or from any person between the hours of nine o'clock p. m. and seven o'clock a. m.''

The penalty for the violation of these several sec-

tions is prescribed by Section 13398, General Code, which reads as follows:

"Section 13398. Whoever violates any provision of sections 6370 to 6373 inclusive of the General Code, shall be fined not less than twenty-five dollars nor more than one thousand dollars and the costs of prosecution, and upon the default of payment of fine and costs shall be committed to the jail of the county or to some workhouse and there be confined one day for each dollar of fine and costs against him."

In his brief herein filed, the defendant, in support of these assignments of error, contends:

1. That prior to the return by the grand jury of the indictments upon which the defendant was tried and convicted, affidavits were filed in the mayor's court of the city of Findlay, Hancock county, Ohio, which has no police court, charging the defendant with the commission of the offenses charged in the several indictments, and the defendant was arrested on warrants issued on such affidavits and brought before such mayor's court where he entered a plea of not guilty to the offense charged in each affidavit, and demanded a jury trial which was refused and he was held to answer to the grand jury of such county.

That the offense charged in each of the indictments is a misdemeanor not punishable by imprisonment, and as the accused is not by the Constitution entitled to trial by jury, the mayor of the city of Findlay, which has no police court, had exclusive jurisdiction under the provisions of Section 4528, General Code, to hear and determine any prosecution therefor.

2. That the mayor's court is an inferior court of limited jurisdiction and may not in general assume a power by implication but must remain within the limits of the powers granted, and exercise such powers in the mode prescribed. 21 Corpus Juris Secundum, 446, 447, Courts, Section 244.

That in misdemeanor cases in which final jurisdiction is conferred on the mayor's court by the provisions of Section 4528, General Code, such jurisdiction must be exercised in the mode prescribed by law, that is, by voluntary dismissal of the complaint or by hearing the complaint and either acquitting or convicting and sentencing the accused, and does not comprehend the power to bind the accused over to the grand jury to answer. 22 Corpus Juris Secundum, 186, 187, Criminal Law, Section 111; also Section 165, at page 261.

That if the jurisdiction of the mayor's court over the offenses charged in the indictments is not exclusive but is concurrent with the jurisdiction of the Common Pleas Court, once jurisdiction of the mayor's court of the person and subject matter attaches it continues until final determination of the case in the mode prescribed by law. 22 Corpus Juris Secundum, 186, 187, Criminal Law, Section 111; also Section 165, at page 261.

And an order entered by the mayor's court in such a case binding the accused to the grand jury to answer, is void and leaves the case pending in such court. *State* v. *Raaf,* 16 Idaho, 411, 101 P., 747.

As prosecutions of the offenses charged in the several indictments were pending in the mayor's court of the city of Findlay at the time of the return of the indictments and trial thereof, the grand jury was precluded from exercising its jurisdiction to indict and the Common Pleas Court was precluded from exercising its jurisdiction to try the defendant on the indictments.

Section 4, Article IV of the Constitution prescribes: "The jurisdiction of the Courts of Common Pleas, and of the judges thereof shall be fixed by law."

Section 13422-5, General Code, provides:

"The Court of Common Pleas shall have original jurisdiction of all crimes and offenses, except in cases of minor offenses, the exclusive jurisdiction of which is vested in courts inferior to the Court of Common Pleas."

Section 4528, General Code, which is one of the sections of Chapter 1, Subdivision II [III] of Division V of Title XII of the General Code, relating to the jurisdiction of mayor, prescribes as follows:

"He shall have final jurisdiction to hear and determine any prosecution for a misdemeanor, unless the accused is, by the Constitution, entitled to a trial by jury, and his jurisdiction in such cases shall be co-extensive with the county, and in keeping his dockets and files, making report to the county auditor, disposing of unclaimed monies, and in purchasing his criminal docket and blanks for state cases, shall be governed by the laws, pertaining to justices of the peace."

It is the contention of the defendant that the term "final jurisdiction" in Section 4528, General Code, is the equivalent of "exclusive jurisdiction" as used in Section 13422-5, General Code, and that the grant of final jurisdiction to the mayor was an exclusion of such cases from the general jurisdiction of the Common Pleas Court.

The use of the word "final" to describe the jurisdiction of the mayor's court is not sufficient to preclude the general original jurisdiction of the Common Pleas Court as granted by Section 13422-5, General Code. That section, when read in the light of Section 13436-5, General Code, which invests the Common Pleas Court with general authority, through the grand jury, "to inquire of and present all offenses committed within the county," is so expressive of an intent on the part of the Legislature to vest such jurisdiction in the Common Pleas Court that it cannot lightly be disregarded.

The jurisdiction so clearly granted cannot be taken away by an inference or implication. *Small* v. *State,* 128 Ohio St., 548, 192 N. E., 790.

The fact that the offense charged was of such a character that the accused had no constitutional right to trial by jury did not preclude the Legislature from providing for a jury trial for the accused upon such charge.

The Common Pleas Court, therefore, had concurrent jurisdiction with the mayor's court, of the offenses charged in the indictments, and defendant's first contention under these assignments of error, that the Common Pleas Court was without jurisdiction, has no basis in law.

In order to pass upon defendant's second contention with reference to this assignment of error it is necessary to consider the state of the record before us relating to this contention.

The plea in abatement filed in each case, omitting the caption, signature and affidavit thereto, and omitting the number of the section of the General Code, the violation of which is charged, is in the words and figures following, to wit:

"Now comes the said Bruce Houser, in his own proper person and, having heard the aforesaid indictment read, says that he ought not be charged on said indictment and the state of Ohio ought not further to proceed and to prosecute said indictment against him because he says that Section —— of the General Code of Ohio does not define or declare an offense against the state of Ohio which could be prosecuted by indictment as a crime or misdemeanor for any alleged violation thereof.

"The affidavit filed in the mayor's court of the city of Findlay, on which the indictment is based does not charge the said defendant with any alleged offense

that constitutes a crime or misdemeanor that an indictment could be brought against the defendant, certified to this court by the mayor's court as in this case.

"Wherefore he prays judgment that he the said Bruce Houser may be dismissed and discharged from said indictment and that the same be quashed."

The motion to quash the indictment in each case is based on two grounds: (a) That the indictment is improper and illegal and the court has no jurisdiction to try the defendant or place him on trial before a jury; and (b) that no offense is charged in the indictment for which a legal indictment could be found.

The demurrer to each indictment is on the ground that the indictment does not state facts constituting a crime against the state of Ohio, charging a felony of an indictable misdemeanor punishable by the state of Ohio.

The motion in arrest of judgment is based on the following grounds:

"1. That the facts stated in the indictment [do] not constitute an offense under the laws of the state of Ohio.

"2. That the offense charged in the indictment is not within the jurisdiction of the court because the grand jury which found the indictments had no legal authority to inquire into the offense charged.

"(a) That said indictments are irregular, insufficient and illegal in that the offense charged in said several indictments is not indictable under the laws of the state of Ohio.

"(b) That the defendant was forced to trial under the indictments and deprived of his constitutional rights and guaranties. That said trial was irregular and illegal and defendant's conviction was irregular and illegal."

Section 13439-7, General Code, prescribes that:

"Plea in abatement may be made when there is a defect in the record shown by facts extrinsic thereto."

Section 13439-6, General Code, prescribes:

"A motion to quash may be made when there is a defect apparent upon the face of the record, within the meaning of the provisions of the chapter relating to the indictment, form and sufficiency thereof, including defects in the form of indictment and in the manner in which an offense is charged."

Section 13437-28, General Code, among other things, provides:

"No indictment * * * shall be quashed, set aside or dismissed, or motion to quash be sustained, * * * on account of any defect in form or substance of the indictment * * *, unless the objection to such indictment * * * specifically stating the defect claimed, be made prior to the commencement of the trial, or at such time thereafter as the court shall in its discretion permit."

Section 13439-9, General Code, provides:

"The accused may demur when the facts stated in the indictment do not constitute an offense punishable by the laws of this state, or when the intent is not alleged and proof thereof is necessary to make out the offense charged, or when it appears on the face of the indictment that the offense charged is not within the jurisdiction of the court."

Section 13450-1, General Code, prescribes:

"A judgment may be arrested by the court upon motion of the defendant, or on the court's own motion, for either of the following causes:

"1. That the offense charged is not within the jurisdiction of the court;

"2. That the facts stated in the indictment or information do not constitute an offense."

An examination of each of the indictments discloses that each indictment correctly charges an offense un-

der the section of the General Code upon which it is based, and, as we have heretofore set forth, the offense charged in each of the indictments is an offense of which the grand jury had cognizance, and the Common Pleas Court had jurisdiction, which disposes adversely to the contention of defendant, of all questions raised by the plea in abatement, motion to quash, demurrer, and motion in arrest of judgment, except the general contention of defendant, hereinbefore mentioned, that prosecutions of the offenses charged in the several indictments were pending in the mayor's court of the city of Findlay at the time of the return of the indictment and the trial thereof, precluding the exercise of the jurisdiction of the grand jury to indict and the exercise of the jurisdiction of the Common Pleas Court to try the defendant on such indictments.

There is no bill of exceptions of the hearing had on the plea in abatement, and as shown by the bill of exceptions taken on the trial in the Common Pleas Court in the actions there are no facts in evidence on the trial of such cause tending to prove that any affidavits were filed in the mayor's court of the city of Findlay charging the defendant with the commission of any of the offenses charged in any of the indictments, or that any prosecution of the offenses was pending in the mayor's court at the time the indictments were returned or trial had thereon, and nothing appears on the face of any of the indictments indicating in any way that they were predicated on any affidavits filed in the mayor's court of the city of Findlay, or on any prosecution in the mayor's court for the offenses charged in such indictment.

If the plea designated as "plea in abatement" is considered as designated, it must be considered as pleading facts extrinsic of the record which necessarily must be proved by evidence adduced at the hearing of such plea.

As there is no bill of exceptions of the hearing on such plea it must be presumed that the facts before the court on such hearing warranted the court in over-ruling the plea.

On the other hand, if the plea, although designated a plea in abatement, constitutes a motion to quash, it reaches only such defects as are apparent on the face of the record.

However, an examination of the so-called plea discloses that it does not specifically charge that an affidavit charging the defendant with the same offense he is charged with in the indictment, was filed in the mayor's court of the city of Findlay, or that the defendant was arrested upon a warrant issued by such court upon such affidavit, or that the defendant entered a plea to such charge, or that the court bound the defendant over to the grand jury to answer the charge contained in such affidavit, or that the mayor was without jurisdiction to bind the defendant over to the grand jury for the offense charged in such affidavit, or that the prosecution of the offense charged in such affidavit was pending in the mayor's court at the time the indictment was returned, but merely charges that the section of the General Code for the violation of which such indictment was returned does not define or declare an offense against the state of Ohio which could be prosecuted by indictment as a crime or misdemeanor, and that the indictment is based upon an affidavit filed in the mayor's court of the city of Findlay and certified to the Common Pleas Court by the mayor's court, which does not charge the defendant with any offense that constitutes a crime or misdemeanor for which an indictment could be brought against the defendant and raises no question as to the grand jury being precluded from exercising its jurisdiction to indict and the Common Pleas Court being

precluded from exercising its jurisdiction to try the defendant on such indictment by reason of the pendency of any prosecution of the defendant in the mayor's court for the offense charged in the indictment. The plea fails to specifically state, as required by the provisions of Section 13437-28, General Code, the defect the defendant now claims in the indictment, and was therefore ineffective to require the court to consider such claimed defect.

But if the plea in each case, treated as a motion to quash, had been effective to require the court to consider the contention now made by the defendant that the grand jury and the Common Pleas Court were precluded from exercising jurisdiction in the premises by reason of the pendency of a prosecution in the mayor's court on the same charge, the record in each case is such as not affirmatively to show error on the part of the court in overruling such plea.

When an accused is held to answer to a grand jury on an affidavit charging an offense, filed in mayor's court it is the duty of the mayor, under the provisions of Section 13433-18, General Code, to make a record of his proceedings upon the docket of the mayor's court and to file transcript thereof in the office of the clerk of Common Pleas Court, and under the provisions of Section 13435-13, General Code, upon such transcript being filed, it is the duty of the clerk to enter the same upon the appearance docket of the court, with the date of filing, and costs.

If such transcript had been filed in Common Pleas Court in each of the cases under consideration it would have constituted the commencement of a proceeding in such court of which the indictment would have been an incident and of which the Common Pleas Court would have been required to take judicial notice on proper motion being made to quash the indictment

upon the ground that prosecution for the offense charged in the indictment was pending in the mayor's court at the time of the return of the indictment. *State v. Morrow,* 90 Ohio St., 202, 107 N. E., 515.

But the filing of a transcript is not the only way in which prosecutions for crime may be commenced. The accused may be arrested and discharged by the examining magistrate, yet the grand jury would have a right to inquire into the offense, or where there has been neither an arrest nor a commitment, the grand jury may call witnesses before it and inquire into the probable guilt of the accused, the same as if he had been recognized to the Common Pleas Court or committed to the jail of the county to await the action of the grand jury, and in either case, where no transcript is filed, the prosecution would not be deemed commenced until the return of the indictment into the court. *State v. Morrow, supra,* at page 208.

An inspection of the record in each of the cases discloses that the clerk of the Common Pleas Court made no entry on the appearance docket of such court as to the filing of any transcript or proceedings had before the mayor's court on any affidavit filed in the mayor's court, as required by the provisions of Sections 13433-18 and 13435-13, General Code, in cases where a defendant before a judge or magistrate is held to answer to the grand jury. However, there is among the files in each case, not referred to in the docket or journal entries but bearing the file mark of the Common Pleas Court, what appears to be an original affidavit sworn to before the mayor of the city of Findlay, charging the defendant with the commission of an offense identical with the offense charged in the indictment, with state warrant issued thereon to the chief of police of the city of Findlay, and return of the warrant signed by the chief of police showing that he took the body

of the defendant before the mayor's court  This paper writing bears an unsigned indorsement as follows: "7-31-42. Warrant returned. Accused arraigned. Plea of not guilty entered. Request for jury trial. Bound to Hancock county grand jury."

This paper writing is not in any way brought into the record of the case and does not purport to be and does not constitute transcript of proceedings before the mayor, or a part of the record of the case of which the Common Pleas Court would be required to take judicial notice on the hearing of such plea, or a part of the record which may be reviewed by this court.

As there is no bill of exceptions of the hearing had on such plea and nothing appears in the record showing that prosecutions for the offenses charged in the several indictments were pending in the mayor's court at the time such indictments were returned, it does not appear from the record that the court erred in overruling such pleas to any of the indictments.

For the reasons hereinbefore mentioned no prejudicial error appears of record in the overruling of the motion designated "motion to quash," or in the overruling of the demurrer. And for the same reasons and the additional reason that the bill of exceptions on the trial of the cause discloses no evidence tending to prove the pendency of any prosecutions for the offenses charged in the indictments, in the mayor's court at the time the indictments were returned and the cause tried, no prejudicial error appears of record in the overruling of the motion in arrest of judgment. Assignments of error numbers 1, 2, 3, 4, 5 and 10 are therefore without merit.

6. The record discloses that no request was made, at the beginning of the trial, by the defendant for the exclusion of evidence from the consideration of the jury, and consequently there is no foundation for the assignment that the court erred in failing to do so.

7. A motion for directed verdict was made at the close of the state's evidence. The defendant, instead of standing on his motion, introduced evidence in his own behalf and failed to renew his motion for directed verdict at the close of all the evidence. In this situation the motion for a directed verdict is deemed waived, and being waived, no claim of error may be predicated upon the overruling of the motion.

8. 9. These assignments are to the effect that the court erred in refusing to give defendant's requested instructions before argument to the jury and in refusing to include and give such instructions in the general charge to the jury.

There is no provision of law requiring a court to give a request to charge before argument in a criminal case, so that if any error occurred it was in the refusal of the court to include the requested instruction in its general charge to the jury. Section 13442-8, General Code; *State* v. *Weger,* 25 Ohio Law Abs., 49; *Grossweiler* v. *State,* 113 Ohio St., 46, 148 N. E., 89; *Wertenberger* v. *State,* 99 Ohio St., 353, 124 N. E., 243; *Blackburn* v. *State,* 23 Ohio St., 146; 39 Ohio Jurisprudence, 1023, Trial, Section 308.

The defendant submitted two requests to charge. Both are predicated upon the theory that the provisions of Section 6370, General Code, apply only to dealers in secondhand articles. While such section, as it appears in the General Code, bears a descriptive designation of "Duty of dealer in second-hand articles," such descriptive designation was not incorporated in the statute as enacted by the Legislature and was simply placed there for index purposes. An inspection of the provisions of the statute clearly shows that it applies to others than dealers in secondhand articles, comprehending a person purchasing, selling, exchanging or receiving secondhand articles of any kind.

The requests to charge, limiting the operation of the statutes to dealers in secondhand articles were, therefore, properly refused by the court, and an inspection of the general charge discloses that the court properly charged as to the application of the provisions of the statute.

Finding no error in any of the particulars assigned and argued, the judgments of the Common Pleas Court will be affirmed.

*Judgments affirmed.*

JACKSON, J., concurs.