rected verdict at the conclusion of all the evidence. This motion should have been granted, and this court renders the judgment for the defendant which the trial court should have rendered.

Accordingly, it is unnecessary to comment on other assignments of error.

*Judgment reversed.*

Ross, P. J., Hildebrant and Matthews, JJ., concur in the syllabus, opinion and judgment.

The State of Ohio, Appellee, *v.* Williams, Appellant.

(No. 4216—Decided May 19, 1947.)

*Mr. Joel S. Rhinefort,* prosecuting attorney, for appellee.

*Mr. Morton Neipp,* for appellant.

CARPENTER, J. James Deadwyler, Edward Williams and Winston Caffee were jointly indicted for murder in the first degree of Carl Mazzurco. The charge was that they beat him on the head causing death. In a former joint trial Caffee was acquitted and the jury disagreed as to Deadwyler and Williams. In the trial now under review, the jury found them guilty and recommended mercy. They received life sentences and Williams filed this appeal.

The two men had been about Toledo together most of the day, April 30, 1946. Mazzurco was a wholesale grocer and late in that afternoon, after making a delivery of goods from his truck to a retail store at the corner of Nebraska avenue and Division street, he had some words with one or both of these defendants, and, as it is almost undisputed, Deadwyler attacked him with a piece of wood. Several witnesses testified that Williams also clubbed decedent, but this was dis-

puted by other witnesses. From the head wound received, Mazzurco died the next day.

1. It is assigned as error that the court abused its discretion in granting the state's motion to try the defendants jointly. That motion was filed under Section 13443-3, General Code, the material part of which provides that persons "jointly indicted for a capital offense, each of such persons shall be tried separately unless the court for good cause shown on application therefor by the prosecuting attorney * * * order said defendants to be tried jointly."

The court's journal does not show that this motion was ever formally acted upon by it. The journal does show that there was a joint trial of all three defendants, and in the record now before the court it does not appear that any objection was made to or question raised about the joint trial of Deadwyler and Williams. The burden was upon the state to show "good cause" for this procedure, and under this state of the record it must be assumed that such was done and the motion granted. At this time, the burden of showing that there was an abuse of discretion was on the defendant-appellant, which is not sustained.

2. Another complaint is that, over the defendant's objection, the prosecuting attorney was permitted to cross-examine him about a conviction on an assault charge and sentence to the guardhouse for a year imposed by a court-martial while he was in the army; also about his dishonorable discharge from service, and his numerous changes of employment since. It is contended that he did not put in evidence his character or reputation and this cross-examination was improper. The state could not have offered the evidence elicited therefrom in chief, but when defendant took the stand he was subject to the same tests as to his credibility as any other witness, and the court did not abuse

its discretion in this respect. *Hanoff* v. *State*, 37 Ohio St., 178, 41 Am. Rep., 496; *Harper* v. *State*, 106 Ohio St., 481, 140 N. E., 364.

3. After Williams was arrested, he was interviewed about this matter by two police officers of the city of Toledo, and he signed the stenographer's transcript of what was said. Before this trial, counsel for Williams served upon the prosecuting attorney a request for "copies of any and all instruments in writing * * * which are intended to be offered in evidence at the trial in behalf of the state of Ohio."

In the cross-examination of defendant, he was asked about statements made in the interview which were at variance with his testimony, and, in that connection, the transcript was received in evidence over objection.

Reliance is put upon Section 11554, General Code. This is part of the Code of Civil Procedure, but under Section 13444-1, General Code, it applies here. Section 11554 provides:

"Either party, or his attorney, if required, shall deliver to the other party, or his attorney, a copy of any instrument of writing whereon the action or defense is founded, or which he intends to offer in evidence at the trial. * * *"

The state's action was not "founded" on this instrument, and it does not appear that when demand was made for copies, the prosecutor *intended* to offer the instrument in evidence. At that time he did not know that the defendant (a) would take the stand as a witness or (b), if he did, that his testimony would differ from his written statement.

4. Three special instructions to the jury were requested by defendant before argument. Section 13442-8, subdivision 5, General Code, authorizes such requests, but that provision is not mandatory. *Blackburn* v. *State*, 23 Ohio St., 146, 165; *Wertenberger* v.

*State,* 99 Ohio St., 353, 124 N. E., 243; *Curtis v. State,* 113 Ohio St., 187, 212, 148 N. E., 834.

The only requirement is that, if the requests are correct and are not given before argument, the court must give them in substance in the general charge. *Grossweiler v. State,* 113 Ohio St., 46, 48, 148 N. E., 89. It is conceded in the defendant's brief that they were covered in the charge.

5. It is contended that the verdict was manifestly against the weight of the evidence. On the whole record, this assignment is not sustained.

As we find no error prejudicial to defendant, the judgment is affirmed and cause remanded for execution of sentence.

*Judgment affirmed and cause remanded.*

STUART and CONN, JJ., concur.