**STATE, Plaintiff-Appellee, v. MOORE, Defendant-Appellant.**

Ohio Appeals, Ninth District, Summit County.

No. 4778. Decided May 14, 1958.

John S. Ballard, Pros. Atty., for plaintiff-appellee.
Davis & Lipps, for defendant-appellant.

(SKEEL, PJ, HURD and KOVACHY, JJ, of the Eighth District, sitting by designation in the Ninth District.)

## OPINION

By SKEEL, PJ.

This appeal comes to this court on questions of law from a judgment entered on the verdict of a jury of guilty as to counts one and two and not guilty as to counts three and four on an indictment charging the defendant with bribery in four counts.

It is the claim of the State that on May 6, 1957, the defendant paid or gave to each of two police officers of the vice squad of the City of Akron, Summit County, Ohio, the sum of fifty dollars to influence them in the performance of their duties, and that on May 13, 1957, the said defendant gave an additional fifty dollars to each of the said officers for like purposes. The defendant entered a plea of not guilty upon arraignment as to each count. In compliance with defendant's request, the prosecuting attorney was ordered to and did file a bill of particulars setting out specifically the nature of the charge.

The testimony of the two officers, in brief, was that on May 6, 1957 at 10:30 A. M., they encountered the defendant sitting in his automobile on Howard Street in the City of Akron. That the defendant was known to them to be engaged in the "numbers racket." The police officers proceeded to search the defendant and his automobile for possession of contraband used in the "numbers racket." Finding none, they started to depart. The record then shows the following as testified to by officer Valley:

"* * * He said (Sgt. Longacre) he's clean, we might as well go. So I got out of the car. Mr. Moore got back in. As he did he told me Valley, I want to see you somewhere. I said when and where. He said out to the house at one o'clock. I said ok I will tell the Sergeant."

The officers kept the appointment after reporting their talk with the defendant on Howard Street to their superiors in the Police Department. When the officers arrived at the defendant's house, the defendant said: "I have been trying to see you fellows for a long time."

He handed one of the officers a hundred dollar bill and said "split this with your buddy." One of the officers asked "What do you expect for this?" to which the defendant replied, in substance, that he did not mind if they picked up any of his men on the street "let them fall, but if anything big comes up like a raid, let me know." With this statement, the officer said the defendant gave him the defendant's unlisted telephone number. On cross-examination, Officer Valley said that on the occasion of their visit to defendant's home on May 6, 1957, he, the defendant, "Told us to come back on the 13th."

The officers returned on the 13th but the defendant was not home. They found him a little later in a business place on North Howard Street. He left the establishment while the officers were talking to the proprietor and as they left a few minutes later, the defendant was observed sitting in his automobile parked in front. Officer Valley then testified that the defendant asked if they had been out to the house, to which he replied "yes." The record then shows the following: " 'Well: he said, I'm going out then right now.' He says, 'come on out.' ". They returned to the defendant's house where each officer again received fifty dollars and the defendant said "that money received last Monday was make-up money." He also repeated what had been said the week before about being warned if anything big came up. On this occasion, Sergeant Longacre had equipped himself with a small portable recording machine, the recorder being carried in his hip pocket and the receiver strapped to his wrist, having the appearance of a wrist watch. After the officers returned to headquarters, they played back the recorded conversation. The defendant was then arrested but before a preliminary hearing was had in the Municipal Court of Akron, the evidence was submitted to the Grand Jury of Summit County, and an indictment, charging bribery, was returned containing four counts. Counts one and two were for the alleged bribery of each of the officers by a separate payment to each of fifty dollars on May 6th, 1957, to corruptly influence them with respect to their official duties as police officers. Counts three and four charged a like purpose for the money given to each of the officers on May 13th, 1957.

The defendant did not take the stand or offer any evidence to challenge the evidence offered by the State.

The defendant claims the following errors:

1. The verdict and judgment are manifestly against the weight of the evidence and contrary to law.

2. The Court erred in refusing to charge on the law as requested by appellant.

3. The Court erred in overruling appellant's motion at the close of the State's case, after all the evidence and his motion for a new trial.

4. The Court erred in his charge of law to the Jury.

5. Appellant was denied due process of law.

The first claim of error, that the judgment is not sustained by sufficient evidence, or as stated by the defendant, "manifestly against the weight of the evidence and contrary to law," cannot be sustained. The defendant was indicted on four counts, charging separate acts of bribery under §2917.01 R. C., which provides, insofar as this case is concerned:

"No person shall corruptly give * * * to a * * * officer * * * of the state any valuable thing * * * to influence him with respect to his official duty * * *."

The elements to be established by the state beyond a reasonable doubt are: 1) the giving corruptly, 2) of anything of value, 3) to a public officer to influence him in the discharge of his public duty, 4) such thing of value must have been given intentionally for such purpose.

There is evidence in the record, as hereinabove briefly outlined, in support of every element of the crime charged in each count of the indictment. That the defendant gave money to police officers of the City of Akron was clearly supported by the evidence. The defendant's reputation as a numbers (gambling) operator. when considered in the light of his conduct (paying money in the solitude of his bedroom) and his statement in response to the police officer's question as to what he expected for the money, that he be notified of impending police interference to the operation of his unlawful business or, as he put it, "if anything big comes up as a raid, let me know," together with the surrounding circumstances attending the defendant's giving two hundred dollars to the police officers of the vice squad without explanation, were such that a jury would be clearly warranted in concluding that the defendant was guilty of bribery as defined by the statute.

The defendant's claim, that his statements to the officers at the time he paid them the money were improperly received in evidence and presented to the jury, is likewise without merit. The objection to this testimony seems to be that until some evidence is presented that the crime charged has been committed (some evidence to support the corpus delicti) confessions of the defendant are inadmissible. This question is presented by objection shown in the record but not argued in defendant's brief. The court's ruling on these objections was correct. The defendant made these statements, according to the officers, as a part of the transaction in which the money was paid. They were made in explanation of what the defendant expected for the money given, and were a part of the act of giving the money. The statements were "verbal acts" necessary to make out the corpus delicti of the crime charged against the defendant and for that reason clearly admissible. See Wigmore on Evidence, 3rd Ed., Vol. 6, para. 1772. They were likewise statements against the defendant's interests and for that reason admissible. We conclude that the defendant's first claim of error must be overruled.

The second claim of error deals with the refusal of the court to give the jury certain charges on questions of law requested and presented in writing to the court before argument. Three charges were presented. The law of this state is well settled that the provisions of §2315.01-(e) R. C., do not apply in a criminal case. State v. Petro, 148 Oh St 473, 76 N. E. 2d 355. The Supreme Court has said in the case of Grossweiler v. State, 113 Oh St 46, 148 N. E. 89, that a request made by defendant's attorney for a proper instruction before argument may not be ignored in a general charge, even though the request has not been repeated. We will, therefore, consider whether the court properly refused the charges requested.

The first request was directed toward the jury's duty to resolve in defendant's favor inferences which are consistent with innocence. The substance of this request was clearly and correctly contained in the court's general charge.

The second request was as follows:

"If the Jury are satisfied that the police officers received money from the defendant as alleged in the indictment, then said police officers are accomplices of the defendant and the Jury ought not to convict the defendant on the testimony of said accomplice police officers unless their testimony is corroborated by other evidence that satisfies the Jury beyond a reasonable doubt that the defendant is guilty as alleged."

This request does not state a correct proposition of law nor is there any evidence in the record that the police officers were accomplices or acted as co-conspirators with the defendant in carrying out his alleged unlawful purpose to secure immunity in the operation of the numbers game (gambling) by the unlawful payment of money. In order that the officers could be held as accomplices, they must have knowingly and wilfully taken part or joined in the unlawful enterprise while the unlawful act or conspiracy was in progress.

The third request to charge was as follows:

"If the Jury are satisfied that prior to the commission of the acts alleged that the defendant never conceived any intention of committing these offenses or any similar offenses but that the police officers incited and by suggestions and representations lured him to commit the offenses alleged in order to entrap, arrest and prosecute the defendant therefor, then these facts are fatal to the prosecution of these offenses, and the defendant is entitled to a verdict of not guilty."

The court did charge correctly on the law of entrapment in its general charge so that this request was complied with. It should be noted, however, that the giving of such charge was highly beneficial to the defendant. In doing so, the right of the State was erroneously prejudiced. There is no evidence in the record that would justify a charge on the law of entrapment. Assignments of error two and four are, therefore, overruled.

Assignment of error number three is not well taken. What has been said in considering assignment of error number one is applicable here.

We also overrule assignment of error number five as the record shows the defendant was afforded a fair trial under the laws of this State.

Judgment affirmed. Exceptions noted.

HURD and KOVACHY, JJ, concur.