Zimmerman, J.
The bill of exceptions discloses that defendant owned and operated a tavern in Lucas County on the “Chicago Pike” about a half mile east of the new Toledo airport. This tavern was patronized largely by Negroes, Mexicans and Puerto Ricans residing in the general neighborhood. Late on the night of June 16, 1958, a group of five young Negroes entered the tavern, Robert and David Sanders among them, created a continuing disturbance and were requested to leave. Such disturbance was of sufficient proportions to cause the defendant to call a constable. Upon the constable’s arrival, the defendant requested him to arrest David Sanders. The disorder continued with threats of violence, and assistance from the sheriff’s office was asked by telephone. The disturbing group then left the tavern, whereupon defendant procured a pistol and began firing it on the outside of the tavern. One of the bullets struck Robert Sanders in the back and killed him when he was proceeding hurriedly in the general direction where his automobile was parked.
During the trial, at the conclusion of the evidence and before argument, counsel for defendant submitted to the court in *269 writing eight special instructions with the request that they be given to the jury. Special instructions Nos. 1, 2 and 8 were incorporated in the general charge and had to do with second degree murder, degrees of proof and the manner in which oral statements attributed to a defendant should be regarded. The court declined to give special instructions Nos. 3, 4, 5, 6 and 7 as presented and did not incorporate the substance of Nos. 5, 6 and 7 in the general charge. The special instructions which were refused dealt with definitions of unlawful acts, the right of a person without a warrant to make an arrest, the duty of a tavern keeper with respect to conduct on his premises, trespass and the duty of a tavern keeper to protect his patrons.
The three special instructions, the substance of which the Court of Appeals held should have been given, are as follows:
“Special Instruction Number 5. Section 4399.16 of the Revised Code of Ohio provides, as follows: ‘No tavern keeper shall permit rioting, reveling, intoxication, or drunkenness in his house or on his premises. ’
“If you find from the evidence that the defendant, Darrell Barron, is a tavern keeper; that Robert Sanders and other persons acting in concert with him were rioting or reveling, while on the defendant’s Darrell Barron, premises, then the court charges you, as a matter of law, that the defendant, Darrell Barron, had a mandatory duty, imposed upon him by the law of this state, to attempt to quell or suppress said rioting or reveling.
“Special Instruction Number 6. Section 2909.21 of the Revised Code of Ohio provides as follows: ‘No person shall enter without lawful authority upon the land or premises of another, or being upon the land or premises of another, upon being notified to depart therefrom by the owner or occupant, or the guest or servant of either, without lawful authority neglect or refuse to depart therefrom. ’
“If you find the fact to be that Robert Sanders and other persons in his company entered the place of business of the defendant, Darrell Barron, and that while in said place of business caused a disturbance and were obnoxious or disorderly and that the defendant, Darrell Barron, repeatedly requested said Robert Sanders and those other persons in his company to leave said *270 place of business and that Robert Sanders and those other persons in his company refused to leave and continued to conduct themselves in the same disturbing, obnoxious and disorderly manner, if you should find the fact to be, I say, as a matter of law, that Robert Sanders and those other persons in his company were trespassers and were committing a continuing trespass as long as they remained in said place of business.
“Special Instruction Number 7. If you find from the evidence that the defendant, Darrell Barron, is the possessor of premises which are held out to the public for the purpose of his business; that Robert Sanders and other persons acting in concert with him were conducting themselves in a disorderly and disturbing manner while on said premises and that the defendant, Darrell Barron, believed or had reason to believe that personal injuries to his guests and patrons were likely to result from the said conduct of said Robert Sanders and those other persons acting in concert with him, then the court charges you, as a matter of law, that the defendant, Darrell Barron, had a mandatory duty, imposed upon him by the law, to control the said conduct of said Robert Sanders and those other persons acting in concert with him. ’ ’
Section 2945.10 (E), Revised Code, relating to criminal procedure, recites:
“When the evidence is concluded, either party may request instructions to the jury on the points of law, which instructions shall be reduced to writing if either party requests it.”
Under similar statutory provisions this court has held that it is not mandatory upon the court to give any instructions to the jury in a criminal case before argument, but that, if requested instructions are correct and pertinent, they must be included, at least in substance, in the general charge. Wertenberger v. State, 99 Ohio St., 353, 124 N. E., 243; and Grossweiler v. State, 113 Ohio St., 46, 148 N. E., 89.
Here, we are of the opinion that, since the shooting occurred outside the tavern at a time when neither the defendant nor his patrons were in any imminent danger of bodily harm, the special instructions requested and which were refused were not relevant, and, therefore, the trial court was not chargeable with *271 error in declining to recognize them and incorporate them in the general charge. Moreover, the trial court gave a complete and comprehensive charge embracing all the elements appropriate to the case.
At the conclusion of the general charge, the court asked counsel whether there was anything further. The response of the defendant, through his counsel, was “No, your Honor.” This was some indication, at least, that the general charge as given was satisfactory, and that the defendant was no longer insisting that the substance of the special instructions be added.
This cause presents a matter for the determination of a jury, and no error intervened prejudicial to the rights of the defendant.
The judgment of the Court of Appeals is reversed, and that of the Court of Common Pleas affirmed.

Judgment reversed.

Weygandt, C. J., Taft, Bell and Peck, JJ., concur.
Matthias and Herbert, JJ., concur in the syllabus but dissent from the judgment.