THE STATE OF OHIO, APPELLEE, *v.* LARRY, APPELLANT.

[Cite as State v. Larry (1975), 44 Ohio App. 2d 92.]

(No. 33661—Decided May 1, 1975.)

*Mr. John T. Corrigan,* for appellee.
*Mr. Michael I. Gilbert,* for appellant.

DAY, J. Defendant, Michael Larry, was indicted for manslaughter (Ohio Revised Code §2901.06) in the death of Vidal Bennett, a fourteen-month-old child allegedly killed as a consequence of a beating administered by the defendant on or about late evening on July 29 or the early morning of July 30 in 1973. The defendant and his co-defendant, Vinetta Bennett, mother of the child, were tried together. At the close of the State's case appellant's

motion for a judgment of acquittal on his behalf was denied (Tr. 215-216).

The defendant did not take the stand and presented only a medical witness (Tr. 342[1]). His co-defendant did testify and offered other evidence in her behalf. There was no State rebuttal and at the close of all the evidence appellant renewed his motion for acquittal. The motion was overruled (Tr. 347-349).

Appellant assigns one error:

"The trial court erred by failing to grant the, defendant-appellant's motion for judgment of acquittal at the close of the evidence presented on behalf of the state of Ohio where such evidence was insufficient to sustain a conviction."[2]

For reasons assessed below we reverse.

If a defendant elects to proceed with his evidence after a denial of a motion for directed verdict or acquittal at the end of the State's case, he is deemed to have waived his legal objections, *State* v. *Decamillo* (1961), 86 Ohio Law Abs. 432, 437-438; *Ohio* v. *Houser* (1942), 73 Ohio App. 115, 132. It follows that should his evidence supply omissions in the State's proof, he cannot complain, *State* v. *Decamillo, id.* In a joint trial it is at least arguable that if a defendant offers no curing evidence but the therapy for the State's case against him is supplied by the co-defendant's evidence he is not limited by the strictures imposed by the waiver doctrine. In such circumstances, of course, a defendant's cause would be strengthened had he made a timely motion for severance and been denied.

However, we need not reach the issue of co-defendant cure because it is not in this case. The State's evidence

---

[1]The index of the transcript of evidence lists three witnesses to Defendant Larry, including a medical doctor. However, the transcript indicates that two of the witnesses were called by the co-defendant's counsel.

[2]The failure to grant the defendant's motion for a judgment of acquittal at the close of the whole case was not assigned as error. Nevertheless, we notice that possibility of error under the authority conferred by App. R. 12(D).

with or without the combination of evidence offered by the defendant and his co-defendant was insufficient to raise a question for the jury. No witness was able to put the defendant at the scene of the crime at the time of its commission.

Careful reading of the record discloses that the State's witnesses indicated only that a child was being beaten, apparently by a shouting male at about 1 a. m. or 1:30 a. m. on July 30, 1973 (Tr. 165, 175), the day Vidal Bennett died, without ever coupling the voice to the defendant (Tr. 175). There was no other testimony identifying the assaulting male nor placing the defendant in the house at the crucial time. The only evidence linking the defendant to any beating related to beatings on other occasions than the one on trial (Tr. 75-77). The defendant's co-defendant, mother of the deceased child, did not place him at the scene at the crucial time.[a] Neither did she say, or imply, that he beat the child. On the contrary, her testimony pictured the defendant as kind and loving toward the children especially the little boy who died (Tr. 270-271).

A conviction on this record is a conviction without evidence. That result is constitutionally proscribed, see *Thompson* v. *Louisville* (1960), 362 U. S. 199, 206, 4 L. Ed. 2d 654, 659. A horrendous result does not supply proof of its cause. Our obligation is manifest under the circumstances.

The verdict and judgment are reversed and the defendant is discharged.

*Judgment reversed.*

KRENZLER, C. J., and JACKSON, J., concur.

---

[a]The co-defendant testified that the defendant came to her home about 7 p. m. on July 30, 1973 (Tr. 260-263). None of her evidence placed him there at 1 a. m. or 1:30 a. m. on that day (Tr. 165, 175), the time of the beating from which the cause of death could logically be inferred.