## O'MARA v GOODSITE

Ohio Appeals, 6th Dist, Erie Co

No 412.   Decided Oct 6, 1933

Howell, Roberts & Duncan, Cleveland, for plaintiff in error.

Newcomb, Newcomb & Nord, Cleveland, and Krueger, Rosino & Moore, Sandusky, for defendant in error.

## OPINION

By THE COURT

The court is of the opinion that the verdict and judgment are not manifestly against the weight of the evidence.

As to the second error, the trial court in response to objections by counsel for O'-Mara withdrew the offending statement from the jury with an admonition as to its impropriety, and so far as the record shows the action thus taken was satisfactory to counsel, and no further objections being made or exceptions taken, the record does not show that the trial judge committed error in this respect.

The third error is the claim that the court erroneously and prejudicially charged the jury as to the application of that part of §12603, GC, which reads:

"No person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

The girder with which O'Mara's car came in contact was not in or a part of the traveled portion of the bridge but was adjacent thereto at the side thereof adjoining the sidewalk on the bridge, and we think

the situation shown by the facts and circumstances in evidence is not within the contemplation of the above quoted portion of the statute.

It was also prejudicial error to say to the jury:

"On the other hand, of course, if you find by a preponderance of the evidence that at the time and place in question there was no violation of the latter portion of that section, that the defendant in respect to speed exercised ordinary care at the time and place in question, then of course, your verdict would be for the defendant."

**Industrial Commission v Weaver, 127 Oh St, Ohio Bar, July 31, 1933, page 18.**

We call attention to that part of the charge which reads:

"Now as to the other specifications of negligence made by the plaintiff and which the court has enumerated for you, you will inquire as to those claims of negligence whether or not at the time and place in question, the defendant exercised ordinary care or failed to exercise ordinary care, and if by a preponderance of the evidence you find that the defendant did exercise ordinary care in those respects, then your verdict will be for the defendant. On the other hand, if you find by a preponderance of the evidence that he failed to exercise ordinary care in those respects, then your verdict will be for the plaintiff."

For the same reason that the first above quoted portion of the charge of the trial court is error, this also is erroneous in that it contains a suggestion that the verdict should go in' favor of the defendant only if the jury found the preponderance in its favor. The burden of proof was at all times upon the plaintiff and not upon the defendant.

The judgment is reversed and the cause remanded to the Court of Common Pleas for a new trial.

Reversed and remanded.

RICHARDS, WILLIAMS and LLOYD, JJ, concur.