**STATE, Plaintiff-Appellee, v. CHEATWOOD, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4190.   Decided October 4, 1948.

Ralph J. Bartlett, Pros. Atty., T. Vincent Martin, and Edmund B. Paxton, Asst. Pros. Attys., Columbus for plaintiff-appellee.

William L. Maugan, Arthur W. Wiles, and Edward F. Lynch, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This is an appeal on law from the judgment of the Common Pleas Court of Franklin County, Ohio, on the verdict of a jury finding the defendant guilty of manslaughter in the second degree.

The defendant was indicted on six counts. In the first count it was charged that the defendant "while operating a motor vehicle without due regard for the safety and rights, of others and so as to endanger the life, limb or property of other persons in the lawful use of the streets and highways,. did unlawfully and unintentionally kill one Lillian Held", etc.

In the second count it was charged that the defendant. "while operating a motor vehicle upon the streets and highways at a speed greater than is reasonable and proper, having due regard to the traffic, surface, and width of the streets and highways, and other conditions then existent, and while operating a motor vehicle upon the streets and highways at a speed greater than would permit him, the said Glenn W. Cheatwood, to bring his motor vehicle to a stop within the assured clear distance ahead, did unlawfully and unintentionally kill one Lillian Held", etc.

In the third and fourth counts defendant is charged with the killing of Pearl Clutter, and in the fifth and sixth counts, with the killing of Lenore Held.

The third and fifth counts charged the same offense as is charged in the first count. The fourth and sixth counts charged the same offense as is charged in the second count.

The jury found the defendant guilty as charged in the second, fourth and sixth counts and not guilty as charged in the first, third and fifth counts.

The deaths of the three persons occurred when the automobile which the defendant was driving and in which the three deceased persons were riding collided with the abutment of a bridge on the Groveport Pike in Franklin County, Ohio, at about midnight on November 7, 1947.

The defendant was charged with manslaughter in the second degree under §6307-18 GC. In the first, third and fifth counts the defendant was charged with a traffic violation under the provisions of §6307-20 GC, and in the second, fourth and sixth counts on which he was found guilty, the defendant was charged with a traffic violation under the provisions of §6307-21 GC.

We find no misjoinder of counts in the indictment; neither was the defendant put in double jeopardy as claimed. It is contended that if the counts were properly joined the Court erred in sentencing the defendant on three counts of manslaughter in the second degree. The defendant was found guilty of killing three persons, one in the second count, another in the fourth count and still another in the sixth count. Three persons were killed and the defendant committed an unlawful act which resulted in the death of those

three persons. The Court acted properly in sentencing the defendant on each count, the sentences to run concurrently.

The defendant contends the Court erred in not permitting the defendant to introduce evidence that the acts of the defendant were not the proximate cause of the death of the decedents. The defendant called a traffic engineer as a witness who offered testimony which in substance tended to prove that a driver of a motor vehicle in approaching the bridge met with a traffic hazard due to a sharp curve in the highway and the narrowness of the bridge; that the curve could not be taken at a rate of speed of fifty miles per hour; that the highway at that point could be safely traveled at a rate of speed of thirty miles per hour; and that an automobile traveling at forty-five to fifty miles per hour under certain conditions could not be brought to a stop under 363 feet. This testimony was offered and objection to its admission being sustained, proffer was made. The defendant sought to introduce this evidence to show a defect in the highway and that because of such traffic hazard the act of the defendant was not the proximate cause of the deaths of the decedents. Assuming there was a defect in the highway which created a traffic hazard, such defect or hazard was a condition of the highway which must be observed and would require every motorist to operate his motor vehicle accordingly. Sec. 6307-21 GC, in part provides that "no person shall operate a motor vehicle * * * in and upon the streets and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the street or highway and of any other conditions then existing". Every motorist uses the highways as constructed and with whatever defects exist, subject to the perils which may arise. The fact that a traffic hazard exists does not furnish legal justification to a motorist to travel at a speed which is not "reasonable or proper, having due regard to the traffic, surface and width of the street or highway and of any other conditions then existing". This evidence was inadmissible on this issue. If admitted the probative effect of such evidence would have been to show the defendant did not operate his automobile with ordinary care and did not observe the traffic laws of the state. The exclusion of such evidence was not prejudicial to the defendant.

The defendant assigns as error that the verdict of the jury is contrary to law and was not sustained by any evidence. The Court charged the jury on the "assured clear distance ahead" rule. The contention is made that the "assured clear

distance ahead" provision of §6307-21 GC had no application.
Sec. 6307-21 GC, in part provides:

"and no person shall drive any motor vehicle, * * * in and
upon any street or highway at a greater speed than will
permit him to bring it to a stop within the assured clear
distance ahead."

The defendant contends that there was no obstruction in
the highway with which the defendant collided; that the
abutment of the bridge with which the defendant collided
was not in his lane of travel and therefore the "assured clear
distance ahead" provision had no application under the
definition given to that expression by our Supreme Court in
the second paragraph of the syllabus in **Smiley v. Spring Bed
Company, 138 Oh St 81, 33 N. E. (2d), 3,** which held:

"2. To comply with the assured-clear-distance-ahead pro-
vision of §12603 GC, the driver of a motor vehicle must not
operate it at a greater speed than will permit him to bring it
to a stop within the distance between his motor vehicle and a
·discernible object obstructing his path or line of travel, unless
such assured clear distance ahead is, without his fault,
suddenly cut down or lessened by the entrance, within such
clear distance ahead and into his path or line of travel, of
some obstruction which renders him unable, in the exercise
of ordinary care, to avoid colliding therewith." (Emphasis
ours.)

However, the Court in that case, on page 83 say:

"In the later cases of **Gumley, Admr., v. Cowman, 129 Oh
St, 36, 193 N. E., 627,** decided in 1934, and **Kormos v. Cleveland
Retail Credit Men's Co., 131 Oh St 471, 3 N. E. (2d), 427,**
decided in 1936, wherein the drivers of automobiles in the
nighttime had crashed into motor vehicles on the highway
ahead of them, this court held that each automobile driver
had violated the statute in operating his automobile at a speed
greater than would permit him to bring it to a stop within
the distance at which he could see a discernible object ob-
·structing his path. This court in these cases also held that
the assured-clear-distance-ahead provision of the statute is
a specific requirement of law, a violation of which constitutes ·
negligence per se. The 'assured clear distance ahead', as used
in the statute, must be the distance or space between the

motor vehicle of the motorist and **any discernible obstruction or any limit of the vision ahead of him on the highway.** For example, if a train of cars is standing across the highway immediately ahead of the motorist, the distance between himself and the train of cars is the assured clear distance ahead. **If his view is cut off by darkness, by a curve in the highway, or by the crest of a hill, the distance between him and the point where his vision ends or is cut off is the assured clear distance ahead.** The requirement of the statute is that the motor vehicle be so operated that, at any instant, it can be stopped within such assured clear distance ahead." (Emphasis ours.)

In the discussion of this question it is evident that the Court announced a principle broader in scope than that stated in the syllabus. In **O'Mara v. Goodsite, 16 Abs, 139,** it was held that the rule would not apply "in an action for injuries sustained when an automobile in which the plaintiff was riding collided with a girder of a bridge not in, or a part of, the traveled part of the bridge, but adjacent thereto, adjoining the sidewalk on the bridge." In the statement of the facts in that case, which is very meager, there is no mention of a curve in the highway or any obstruction to the view of the motorist and, hence, that case is distinguishable on the facts.

We are not disposed to hold that the assured clear distance ahead is always the distance between the motor vehicle of the motorist and some discernible obstruction in the lane of travel of such motorist. As stated by the Supreme Court, the view of the motorist may be cut off by darkness, by a curve in the highway, or by the crest of a hill. In such case, the distance between the motorist and the point where his vision ends or is cut off is the assured clear distance ahead. Under such circumstances a discernible obstruction may or may not be found in the lane of travel. The specific requirement of the statute is that the motor vehicle be so operated that it can be stopped within the distance between the motor vehicle and the point where the view of the highway is cut off or where a discernible object is found in the lane of travel of the motorist. The offense mentioned in the statute is the improper operation of the motor vehicle and not the collision with a discernible obstruction in the lane of travel of such motor vehicle.

In the case at bar the existence of a sharp curve in the highway and not the bridge or the abutment of the bridge

requires the application of the rule. By reason of the curve, the view of the traveled portion of the highway was cut off and, under the rule, the defendant was required to operate his motor vehicle at such a speed that it could be brought to a stop within the seeable distance.

At no time during the trial did the defendant contend that the assured clear distance ahead provision of the statute had no application. It is apparent from the record that the defendant sought to show a justifiable legal excuse for a non-compliance with this statutory provision. The Court in charging on the application of the assured clear distance ahead provision followed closely the rule laid down in the Smiley case.

The defendant did not introduce, nor proffer any evidence which would bring his case within an exception to the rule or present a justifiable legal excuse.

However, in the case at bar the verdict can and must be sustained on the ground that the second, fourth and sixth counts, under which the defendant was found guilty, charged the defendant with a violation of the first provision of §6307-21 GC, which provides:

"No person shall operate a motor vehicle, * * * in and upon the streets and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the street or highway and of any other conditions then existing."

There was evidence of a substantial character to the effect that the defendant operated his motor vehicle at a rate of speed considerably greater than fifty miles per hour. There was ample evidence from which the jury could find that the defendant had violated the provision of the traffic law above quoted.

The defendant contends that there were no traffic signs erected cautioning the driver of a motor vehicle of the existence of a traffic hazard. Again we conclude that the failure of the proper authority to erect suitable and effective warning signs does not relieve the motorist of the duty to observe the traffic laws applicable to the situation. In the same category is the refusal to admit in evidence rules and regulations of the Highway Director relative to the erection of signs.

The record does not show any error committed on the cross-examination of the defendant on collateral matters. An effort was made by the prosecution to impeach the defendant on a

collateral and immaterial matter. Counsel for defendant interposed an objection which was sustained.

The record shows that the Court interrogated a witness called by the State. The witness had been questioned relative to the speed of the defendant's automobile as it passed the witness and immediately before the accident. A comparison was attempted to be made between the speed of the defendant's automobile and the speed of the automobile which the witness was driving. At this point an argument took place between counsel. The Court then questioned the witness and drew from him a statement that the defendant's automobile was being operated at a speed of over seventy miles per hour. We find no abuse of discretion on the part of the Court in interrogating the witness in view of the state of the record.

The defendant assigns as error the failure of the trial court to give three special instructions before argument. The provision of §13442-8 GC (formerly §13675 GC), relative to the giving of requested instructions before argument in trials of criminal cases is discretionary and not mandatory. If the requested instructions are proper they should be incorporated in the general charge. **Wertenberger v. State, 99 Oh St 353**, 124 N. E. 243; **Grossweiler v. State, 113 Oh St 46**, 148 N. E. 89; State v. Houser, 73 App. 115, 55 N. E. (2d) 273; **State v. Weger, 25 Abs 49**. The defendant requested the Court to give four special instructions before argument. The Court gave instruction No. 1 and refused to give instructions numbered 2, 3 and 4. The record shows that requested instructions numbered 2 and 4 were completely covered by the general charge. Instruction No. 3 related to the failure to erect signs on the highway at or near the place of the accident according to the Ohio Manual of Traffic Control. This instruction was not covered by the general charge, and rightly so, as this matter had no bearing on the issues in this case.

We find no prejudicial error committed in overruling the defendant's motion to dismiss at the close of all the evidence and in overruling defendant's motion to direct a verdict for the defendant. Neither do we find any error in the record relative to the rulings of the Court during argument of counsel, nor in the general charge.

Finding no prejudicial error in the record the judgment is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.