OPINION
{¶ 1} Defendant-Appellant, Robert F. Reinman, appeals a judgment of the Bellefontaine Municipal Court, convicting him of driving upon a closed street. Reinman maintains that his conviction was in error because the State failed to post an appropriate sign indicating that the street he was driving upon was closed. After reviewing the applicable statutory and case law and the entire record before us, we find that the State failed to comply with R.C. 4511.71, which requires the posting of a road closed sign in conformity with the Ohio Manual of Uniform Traffic Control Devices ("OMUTCD"). Accordingly, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.
 {¶ 2} On February 2, 2004, a water main pipe burst underneath East Brown Avenue in Bellefontaine, Ohio. During the course of repairing the water main, it became necessary to close East Brown Avenue to all traffic. At approximately 1:51 p.m. that same day, Reinman, traveling eastbound on East Brown Avenue, approached the site of the water main break. Upon reaching the site of the water main break, Reinman encountered two dump trucks parked across the entire width of the roadway. At the time, both dump trucks were illuminated with strobe lights. Additionally, the entire width of the roadway was also blocked off by orange traffic cones.
 {¶ 3} Reinman briefly stopped at the roadblock and waited for some kind of instruction concerning the status of the roadway. After waiting for a couple of minutes and receiving no such instruction, Reinman proceeded to drive around the roadblock. He accomplished this by driving completely off of the street and onto the grass beside the street.
 {¶ 4} Based on these actions, Reinman was charged with driving upon a closed street in violation of R.C. 4511.71. The charge was brought before the trial court for a bench trial. The trial court found that the dump trucks and orange traffic cones constituted appropriate signs indicating that the street was closed and that Reinman had violated R.C. 4511.71 by driving upon the street despite the signs. Therefore, the trial court convicted Reinman of driving upon a closed street and sentenced him to pay a twenty-five dollar fine plus fifty-eight dollars and fifty cents in court costs. From this judgment of conviction and sentence Reinman appeals, presenting one assignment of error for our review.
 Assignment of Error It was an error of law for the trial court to find theappellant guilty of driving upon a closed highway.
 {¶ 5} In his sole assignment of error, Reinman asserts that the trial court wrongfully found that the dump trucks and orange traffic cones used to close East Brown Avenue constituted an appropriate sign under R.C. 4511.71.
 {¶ 6} R.C. 4511.71 prohibits any person from driving "upon, along, or across a street or highway, or any part of a street or highway that has been closed in the process of its construction, reconstruction, or repair, and posted with appropriate signs bythe authority having jurisdiction to close such highway." (Emphasis added.) Herein, it is undisputed that at the time Reinman drove upon East Brown Avenue it was closed for repair under the approval of a proper authority. The dispute centers on whether an appropriate sign was posted indicating that the road was closed.
 {¶ 7} R.C. 4511.12 provides that "[n]o provision of this chapter for which signs are required shall be enforced against an alleged violator if at the time and place of the alleged violation an official sign is not in proper position and sufficiently legible to be seen by an ordinarily observant person." The plain language of R.C. 4511.71 clearly requires that an appropriate sign be posted indicating that the street is closed in order for criminal liability to attach for driving upon a closed street. Accordingly, R.C. 4511.12 applies to violations of this statute and an official sign must be posted in the proper position prior to convicting an alleged violator of driving upon a closed street.
 {¶ 8} Pursuant to R.C. 4511.09, the Ohio department of transportation is required to "adopt a manual and specifications for a uniform system of traffic control devices, including signs denoting names of streets and highways, for use upon highways within this state." R.C. 4511.11(A) states that "[l]ocal authorities in their respective jurisdictions shall place and maintain traffic control devices in accordance with the department of transportation manual and specifications for a uniform system of traffic control devices, adopted under section4511.09 of the Revised Code, upon highways under their jurisdiction as are necessary to indicate and to carry out sections 4511.01 to 4511.76 and 4511.99 of the Revised Code, local traffic ordinances, or to regulate, warn, or guide traffic."
 {¶ 9} Therefore, a sign that is not in compliance with the OMUTCD is not an official sign in proper position as contemplated under R.C. 4511.12. See State v. Berry, 6th Dist. No. WD-02-043, 2003-Ohio-1620, at ¶ 9; State v. Dunfee, 4th Dist. No. 02CA37, 2003-Ohio-5970, at ¶ 27; In re Tolliver,149 Ohio App.3d 403, 2002-Ohio-4538, at ¶ 16; Maple Hts. v. Smith
(1999), 131 Ohio App.3d 406, 407-411; State v. Grubb (1993),82 Ohio App.3d 187, 191; City of Mentor v. Mills (July 22, 1988), 11th Dist. No. 12-269, unreported. As such, one can not be convicted of violating a statute that requires a sign unless that sign complies with OMUTCD standards.
 {¶ 10} OMUTCD Part 7, entitled "Construction and Maintenance Operations," provides a physical description of the sign that "shall be used at the point where the roadway is closed to traffic." OMUTCD Section 7C-4. The sign is depicted as having a white background with black lettering spelling out the words "ROAD CLOSED" in all caps. Id. OMUTCD also states that the sign "should be erected in the middle of the closed roadway" and should have the physical dimensions of 48"×30". Id.
 {¶ 11} The dump trucks, strobe lights, and orange traffic cones employed by the state to close East Brown Avenue clearly do not constitute the official "ROAD CLOSED" sign mandated by OMUTCD. Accordingly, the street was not posted with an "official sign" as required by the Revised Code, and it was error for the trial court to convict Reinman of violating the statute.
 {¶ 12} The State attempts to argue that it was exempt from the requirements of OMUTCD because it was faced with an emergency situation. We find no evidence in the record to support this contention on the part of the State. It does appear that the repair work started off on such a scale that East Brown Avenue did not have to be closed, but that subsequently the extent of the damage to the road escalated to the point where the road had to be closed. However, nothing in the record indicates that the State ever attempted to post the appropriate official sign mandated by OMUTCD or that the circumstances of the water main break were such that the State was unable to post the required sign. Therefore, under the facts of the case currently before us, we find that this argument has no merit.
 {¶ 13} Based on our review of the statutory and case law, we find that a sign must be in accordance with OMUTCD in order to qualify as an official sign under R.C. 4511.12. Furthermore, we find that R.C. 4511.71 requires the posting of an appropriate road closed sign in compliance with OMUTCD. Because the state failed to post such a sign in this case, it was error for the trial court to convict Reinman of violating R.C. 4511.71. Accordingly, Reinman's assignment of error is sustained, and the judgment of the trial court is reversed and the cause is remanded.
 {¶ 14} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 Shaw, P.J., and Bryant, J., Concur.