The STATE of Ohio, Appellee,

v.

LARBUS, Appellant.

[Cite as *State v. Larbus,* 160 Ohio App.3d 286, 2005-Ohio-1695.]

Court of Appeals of Ohio,
Third District, Wyandot County.

No. 16–04–14.

Decided April 11, 2005.

Richard Grafmiller, Upper Sandusky City Prosecutor, for appellee.

Laurie A. Scheck, for appellant.

---

ROGERS, Judge.

{¶ 1} Defendant-appellant, Benjamin R. Larbus, appeals from a judgment of the Upper Sandusky Municipal Court, convicting Larbus of failure to maintain reasonable control of his vehicle. Larbus maintains that his conviction was in error because the no-outlet sign posted on the road he was traveling was not in conformance with the Ohio Manual of Uniform Traffic Control Devices ("OMUTCD"). He also claims that his conviction was in error because there were no signs posted on the roadway warning motorists of a sharp turn in the road. Finally, he argues that his conviction was against the manifest weight of the evidence.

{¶ 2} After reviewing the entire record and the applicable law, we find that R.C. 4511.202 does not require the state to post any sign or traffic-control device. Therefore, the case law stating that a sign must be in compliance with the OMUTCD is inapplicable to Larbus's conviction for failure to maintain reasonable control of his vehicle. Furthermore, we cannot say that the fact finder clearly

lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Accordingly, all three of Larbus's assignments of error are overruled, and the judgment of the trial court is affirmed.

{¶ 3} On June 12, 2004, around 1:00 a.m., Larbus was traveling on State Highway 103, toward his home in Mt. Blanchard, Ohio. Larbus decided to take what he thought was a shortcut, by turning onto Township Road 138. Unbeknownst to Larbus, Township Road 138 is a dead-end road. A no-outlet sign was posted on the road, but the sign was bent and posted on the left-hand side of the road. Consequently, Larbus failed to see the sign.

{¶ 4} While traveling down Township Road 138, Larbus failed to negotiate a 90–degree left turn in the road. Instead of turning left, he continued traveling straight, drove off of the road, and hit a tree that was lying in the grass approximately ten yards from the road. There are no signs or markings on the road to warn motorists of the impending 90–degree turn in the road.

{¶ 5} Deputy Kevin Robinson of the Wyandot County Sheriff's Office was dispatched to the scene of the accident. Based upon Larbus's failure to keep his vehicle on the roadway, Deputy Robinson issued Larbus a citation for failing to maintain reasonable control of his vehicle in violation of R.C. 4511.202.

{¶ 6} At trial, the state presented the testimony of Deputy Robinson. In response, Larbus presented the testimony of his mother, Cheryl Larbus, and various pictures that she had taken of the accident scene. Larbus also took the stand.

{¶ 7} Thereafter, the trial court issued a journal entry, convicting Larbus of violating R.C. 4511.202. From this judgment, Larbus appeals, presenting three assignments of error for our review.

## Assignment of Error I

The verdict ignores the premise of law that traffic signs must strictly comply with the Ohio Manual of Uniform Traffic Control Devices in order to hold drivers criminally liable for the violation thereof.

## Assignment of Error II

The trial court erred by finding Appellant guilty given the absence of appropriate signs on the roadway to alert drivers of sudden changes in its condition.

## Assignment of Error III

The verdict was against the manifest weight of the evidence.

### Assignments of Error I and II

{¶ 8} In his first assignment of error, Larbus challenges his conviction based on the failure of the no-outlet sign posted along Township Road 138 to comply with the OMUTCD. In his second assignment of error, Larbus claims that his conviction was erroneous based on the lack of a sign on Township Road 138 warning of the impending 90–degree turn. Because these assignments of error are interrelated, we elect to address them together.

{¶ 9} Pursuant to R.C. 4511.09, the Ohio Department of Transportation is required to "adopt a manual and specifications for a uniform system of traffic control devices, including signs denoting names of streets and highways, for use upon highways within this state." R.C. 4511.11(A) states that "[l]ocal authorities in their respective jurisdictions shall place and maintain traffic control devices in accordance with the department of transportation manual and specifications for a uniform system of traffic control devices, adopted under section 4511.09 of the Revised Code, upon highways under their jurisdiction as are necessary to indicate and to carry out sections 4511.01 to 4511.76 and 4511.99 of the Revised Code, local traffic ordinances, or to regulate, warn, or guide traffic." R.C. 4511.12 provides that "[n]o provision of this chapter *for which signs are required* shall be enforced against an alleged violator if at the time and place of the alleged violation an official sign is not in proper position and sufficiently legible to be seen by an ordinarily observant person." (Emphasis added.)

{¶ 10} Reading these statutes in pari materia, this court has held that "a sign that is not in compliance with the OMUTCD is not an official sign in proper position as contemplated under R.C. 4511.12. As such, one can not be convicted of violating a statute that requires a sign unless that sign complies with OMUTCD standards." (Citations omitted.) *Bellefontaine v. Reinman,* 3d Dist. No. 8–04–13, 2004-Ohio-4806, 2004 WL 2026428, at ¶ 9.

{¶ 11} This line of cases is clearly inapplicable to the situation before us. R.C. 4511.202, the statute that Larbus was convicted of violating, provides:

(A) No person shall operate a motor vehicle, trackless trolley, or streetcar on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle, trolley, or streetcar.

(B) Whoever violates this section is guilty of operating a motor vehicle without being in control of it, a minor misdemeanor.

There is no language in the above statute that requires the state to post any sign or traffic-control device. Accordingly, the lack of posted signs or the fact that the signs that are posted are not in compliance with the OMUTCD is not a valid defense to an R.C. 4511.202 charge. Because the statute does not require any signs, an inquiry into the appropriateness of any signs along a roadway is

irrelevant in determining whether a driver failed to maintain reasonable control over his or her vehicle on that roadway. See *State v. Cheatwood* (1948), 84 Ohio App. 125, 133, 39 O.O. 152, 82 N.E.2d 770 (concluding that "the failure of the proper authority to erect suitable and effective warning signs does not relieve the motorist of the duty to observe the traffic laws applicable to the situation").

{¶ 12} Therefore, Larbus's argument that he should not have been convicted of violating R.C. 4511.202 based on the signs or lack thereof on Township Road 138 is without merit. The first and second assignments of error are overruled.

### Assignment of Error III

{¶ 13} In his third assignment of error, Larbus asserts that his conviction was against the manifest weight of the evidence.

{¶ 14} When an appellate court analyzes a conviction under the manifest-weight standard, it must review the entire record, weigh all of the evidence and all of the reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the fact finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541, paragraph two of the syllabus, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717. Only in exceptional cases, where the evidence "weighs heavily against the conviction," should an appellate court overturn the trial court's judgment. Id.

{¶ 15} As stated above, R.C. 4511.202 provides that no person shall operate a motor vehicle on a street or highway without being in reasonable control of that vehicle. "Simply put, motor vehicle operators must keep their vehicles under control and on their own side of the roadway." *State v. Davis*, 4th Dist. No. 04CA1, 2004-Ohio-5680, 2004 WL 2390013, at ¶ 11, citing *State v. Lunsford* (1997), 118 Ohio App.3d 380, 383, 692 N.E.2d 1078; see, also, *Oechsle v. Hart* (1967), 12 Ohio St.2d 29, 34, 41 O.O.2d 215, 231 N.E.2d 306.

{¶ 16} Larbus does not dispute that he failed to keep his vehicle on the roadway. Nor does he challenge the fact that he drove his car into a tree that was situated in the grass approximately ten yards off of the roadway. His only claim is that his failure to maintain control of his vehicle should be excused due to the lack of any markings or signs on the roadway warning him of the impending 90–degree turn. This argument has already been addressed and dismissed in our discussion of the first two assignments of error.

{¶ 17} After reviewing the entire record, we find that the trial court did not clearly lose its way and create such a manifest miscarriage of justice that the

conviction must be reversed and a new trial ordered. Accordingly, Larbus's third assignment of error is overruled.

{¶ 18} Having found no error prejudicial to the appellant in the particulars assigned and argued, we affirm the judgment of the trial court.

Judgment affirmed.

CUPP, P.J., and SHAW, J., concur.