[Cite as *Sidney v. Alter*, 2014-Ohio-3374.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
SHELBY COUNTY

CITY OF SIDNEY,

    PLAINTIFF-APPELLEE,                  CASE NO.  17-13-22

    v.

JAMES A. ALTER,                       **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Sidney Municipal Court
Trial Court No. 13TRD03202

Judgment Reversed and Cause Remanded

Date of Decision:  August 4, 2014

APPEARANCES:

    *Nathan J. Stuckey* **for Appellant**

    *Jeffrey L. Amick* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, James A. Alter ("Alter"), appeals the Sidney Municipal Court's November 13, 2013 judgment entry convicting him of driving on a street posted as closed for repair in violation of Sidney Traffic Code 331.24. For the reasons that follow, we reverse.

{¶2} On August 24, 2013, Sidney Police Department Officer Kevin Calvert initiated a traffic stop of the vehicle operated by Alter after Calvert observed the vehicle drive on a closed portion of Wapakoneta Avenue in Sidney. (Doc. No. 1). Alter was traveling to Grace Baptist Church, where he is the senior pastor. (*Id.*); (Dec. 2, 2013 Tr. at 56). Calvert did not cite Alter that day, but after consulting his supervisors, Calvert issued a citation to Alter two days later for driving on a street posted as closed for repair in violation of Sidney Traffic Code 331.24. (Doc. No. 1). The citation was filed in the Sidney Municipal Court on August 27, 2013. (*Id.*).

{¶3} On August 29, 2013, Alter filed a written plea of not guilty to the charge. (Doc. No. 3).

{¶4} The trial court held a bench trial on November 8, 2013. (Dec. 2, 2013

Tr. at 4);[1] (Doc. No. 20). Plaintiff-appellee, the City of Sidney ("City"),[2] presented the testimony of Calvert. (Dec. 2, 2013 Tr. at 5-26). Calvert testified that he observed the vehicle operated by Alter drive around two "road closed" signs, both of which stated that Wapakoneta Avenue was closed, except to local traffic. (*Id.* at 8). The first "road closed" sign—at the intersection of Wapakoneta Avenue and Russell Road—listed businesses that motorists were permitted to access despite the road closure. (*Id.*). Grace Baptist Church was not one of the businesses listed on the sign. (*Id.*). Calvert testified that he observed Alter's vehicle turn from an unpaved portion of Wapakoneta Avenue onto West Edgewood Street, then into an entrance to the church's parking lot. (*Id.* at 9-12). According to Calvert, based on Alter's ultimate destination on West Edgewood Street, he could have used an alternate route that would not have required driving on a closed road. (*Id.* at 11). Specifically, Alter could have taken Russell Road to Main Street to West Edgewood Street. (*Id.*).

{¶5} After Calvert testified, the trial court admitted the City's sole exhibit, Plaintiff's Exhibit 1, which Calvert identified as a Google Maps map depicting where Grace Baptist Church is situated on West Edgewood Street at the intersection of West Edgewood Street and Wapakoneta Avenue. (*Id.* at 11, 14,

---

[1] The trial transcript bears a date of December 2, 2013, which is the day Alter filed his notice of appeal of the underlying judgment entry. We will refer to the transcript by the apparently erroneous date of December 2, 2013, rather than the actual trial date of November 8, 2013.

[2] The parties and the trial court refer to the plaintiff as the State of Ohio. However, we note that the plaintiff is actually the City of Sidney because Alter was charged with violating only a Sidney ordinance, not a Revised Code section. (*See* Doc. No. 1).

26). The City rested, and Alter moved for acquittal under Crim.R. 29. (*Id.* at 26-30). The trial court denied Alter's motion. (*Id.* at 30). In his case, Alter presented the testimony of two witnesses, including Alter. (*Id.* at 30-72). At the conclusion of trial, the trial court took the case under advisement. (*Id.* at 79-80).

{¶6} On November 13, 2013, the trial court filed a judgment entry finding Alter guilty of driving on a street posted as closed for repair in violation of Sidney Traffic Code 331.24. (Doc. No. 20). The trial court "impose[d] no fine, just Court Costs." (*Id.*).

{¶7} Alter filed his notice of appeal on December 2, 2013. (Doc. No. 24). He raises two assignments of error for our review. Because it is dispositive, we address only Alter's first assignment of error.

### Assignment of Error No. I

**The trial court erred by denying Pastor Alter's motion for judgment of acquittal because the State [sic] failed to prove each element of City of Sidney Ordinance 331.24, driving upon street posted as closed for repair, beyond a reasonable doubt.**

{¶8} In his first assignment of error, Alter argues that the trial court erred by not granting his Crim.R. 29 motion for judgment of acquittal. Specifically, Alter argues that the City failed to prove beyond a reasonable doubt an essential element of Sidney Traffic Code 331.24—namely, that the closed street was "posted with appropriate signs." Alter argues that the essential elements of Sidney Traffic Code 331.24 are identical to those of R.C. 4511.71 and that this court's

- 4 -

holding in *Bellefontaine v. Reinman* stands for the proposition that the City was required to prove beyond a reasonable doubt that appropriate signs were posted.

**{¶9}** In a bench trial, "the defendant's plea of not guilty serves as a motion for judgment of acquittal, and obviates the necessity of renewing a Crim.R. 29 motion at the close of all the evidence." *City of Dayton v. Rogers*, 60 Ohio St.2d 162, 163 (1979), overruled on other grounds in *State v. Lazzaro*, 76 Ohio St.3d 261, 266 (1996). Therefore, it was unnecessary for Alter to move for judgment of acquittal under Crim.R. 29 at the close of the City's case. *Id*. *See also State v. Miller*, 3d Dist. Seneca No. 13-12-52, 2013-Ohio-3194, ¶ 27, fn. 3, citing *Rogers*. Regardless, "[t]he purpose of a motion for judgment of acquittal is to test the sufficiency of the evidence," so we will treat Alter's first assignment of error as challenging the sufficiency of the evidence. *Rogers* at 163. *See also Miller* at ¶ 27, fn. 3.

**{¶10}** When reviewing the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, superseded by state constitutional amendment on other grounds as stated in *State v. Smith*, 80 Ohio St.3d 89 (1997).

Case No. 17-13-22

{¶11} The ordinance at issue in this case, Sidney Traffic Code 331.24, sets forth the offense of driving on a street posted as closed for repair, along with the corresponding offense level:

(a)   No person shall drive upon, along or across a street or highway, or any part of a street or highway that has been closed in the process of its construction, reconstruction or repair, and *posted with appropriate signs* by the authority having jurisdiction to close such street or highway.

(b)   Whoever violates this section is guilty of a minor misdemeanor.

(ORC 4511.71)

(Emphasis added.)   Sidney Traffic Code 331.24.   The ordinance references R.C. 4511.71, subsection (A) of which is substantially similar to Sidney Traffic Code 331.24(a):

No person shall drive upon, along, or across a street or highway, or any part of a street or highway that has been closed in the process of its construction, reconstruction, or repair, and *posted with appropriate signs* by the authority having jurisdiction to close such highway.

(Emphasis added.)  R.C. 4511.71(A).

{¶12} To be "appropriate" under Sidney Traffic Code 331.24 or R.C. 4511.71, a sign must comply with the Ohio Manual of Uniform Traffic Control Devices ("OMUTCD"), which the Ohio Department of Transportation has adopted under R.C. 4511.09. *Bellefontaine v. Reinman*, 3d Dist. Logan No. 8-04-13, 2004-Ohio-4806, ¶ 8-9; *Maple Hts. v. Smith*, 131 Ohio App.3d 406, 407-408 (8th Dist.1999). R.C. 4511.11(A) requires that "[l]ocal authorities in their respective jurisdictions * * * place and maintain traffic control devices in accordance with the [OMUTCD], upon highways under their jurisdiction as are necessary to indicate and to carry out sections 4511.01 to 4511.76 and 4511.99 of the Revised Code, local traffic ordinances, or to regulate, warn, or guide traffic." *See Reinman* at ¶ 8. R.C. 4511.11(D) further states that "[a]ll traffic control devices erected on any street, highway, alley, bikeway, or private road open to public travel shall conform to the [OMUTCD]." *See Smith* at 408. In short, "[l]ocal authorities must place and maintain traffic control devices in accordance with the [OMUTCD]." *Id.*, citing R.C. 4511.11(A) and (D).

{¶13} Alter argues that the posting of appropriate signs is a material element of Sidney Traffic Code 331.24(a) that the City was required to prove beyond a reasonable doubt. In making his argument, Alter relies on our decision in *Reinman*, in which we concluded, "The plain language of R.C. 4511.71 clearly requires that an appropriate sign be posted indicating that the street is closed in

order for criminal liability to attach for driving upon a closed street." *Reinman* at ¶ 7. We also concluded that "R.C. 4511.71 requires the posting of an appropriate road closed sign in compliance with OMUTCD" and that "one can not be convicted of violating a statute that requires a sign unless that sign complies with OMUTCD standards." *Id.* at ¶ 9, 13.

{¶14} The City agrees that *Reinman* "stand[s] for the proposition that for one to be convicted under R.C. 4511.71, appropriate signs under the [OMUTCD] must be present." (Appellee's Brief at 4). The City also agrees that Alter "correctly asserts that the State [sic] is required to establish this fact as a part of its case." (*Id.*). However, the City argues that "there exists a rebuttable presumption that traffic signage placed by a governmental entity is legally erected in compliance with applicable law" and "that it is the responsibility of the defendant to rebut that presumption." (*Id.* at 4-5). In support of this assertion, the City cites three civil cases: *Chambers v. McFerren*, 168 Ohio St. 398 (1959); *Bartlett v. McDonald*, 59 Ohio App. 85 (7th Dist.1937); *Hoover v. Blackmore*, 54 Ohio Law Abs. 177 (M.C.1949). The City admits that it "did not offer evidence to prove that the 'road closed' signs complied with the OMUTCD * * *." (Appellee's Brief at 5). But because Alter "offered no evidence to rebut the afore-stated presumption as the same relates to these signs," the City argues that it "was not required to

present evidence concerning the compliance of those signs with OMUTCD standards." (*Id.*).

**{¶15}** We agree with Alter and hold that the portion of Sidney Traffic Code 331.24 requiring that the closed street or highway be "posted with appropriate signs" is a material element of the offense stated in that ordinance.[3]  In the case of traffic offenses, as with criminal offenses, the prosecution is required to prove each material or essential element beyond a reasonable doubt.  *See Marion v. Newell*, 3d Dist. Marion No. 9-03-54, 2004-Ohio-2363, ¶ 13; *Trotwood v. Sampson*, 63 Ohio Misc.2d 504, 506 (C.C.1993).  Accordingly, the City was required to prove beyond a reasonable doubt, among other elements, that the closed portion of Wapakoneta Avenue on which Alter drove was "posted with appropriate signs."  Sidney Traffic Code 331.24.  Specifically, the City was required to prove that the signs complied with the OMUTCD.  *See Reinman*, 2004-Ohio-4806, at ¶ 9.

**{¶16}** Our conclusion is supported not only by the plain language of Sidney Traffic Code 331.24, but also by Sidney Traffic Code 313.01(a)(2), which prohibits the enforcement of any Traffic Code provision for which signs are required if a proper sign is not posted:

---

[3] We note that the City also failed to offer evidence that appropriate signs were posted "by the authority having jurisdiction to close such street or highway."  Sidney Traffic Code 331.24(a). The parties do not raise the issue of whether that quoted portion of the ordinance is also an essential element of the offense of driving on a street posted as closed for repair.  Therefore, we need not and do not address that issue in this opinion.

No provision of this Traffic Code for which signs are required shall be enforced against an alleged violator if, at the time and place of the alleged violation, an official sign is not in proper position and sufficiently legible to be seen by an ordinarily observant person. Whenever a particular section of this Traffic Code does not state that signs are required, that section shall be effective even though no signs are erected or in place.

(ORC 4511.12(A))

Sidney Traffic Code 313.01(a)(2). As the ordinance suggests, it is modeled after the substantially similar R.C. 4511.12(A), which we cited in *Reinman* as supportive of our conclusion that R.C. 4511.71 requires the posting of OMUTCD-compliant signs. *Reinman*, 2004-Ohio-4806, at ¶ 7-9, 13.

**{¶17}** We reject the City's argument that a rebuttable presumption applies in this case. "[T]he burden of proof on an essential element of a crime may not be shifted to the defendant by means of a conclusive or persuasion-shifting presumption." *State v. Wiley*, 8th Dist. Cuyahoga No. 99576, 2014-Ohio-27, ¶ 37. In other words, presumptions may not be used "to prove one of the essential elements of the crime charged." *State v. Coldwell*, 1st Dist. Hamilton No. C-790421, 1980 WL 352948, *4 (June 18, 1980). *See also Brecksville v. Crow*, 8th Dist. Cuyahoga No. 76909, 2000 WL 1847571, *2 (Dec. 18, 2000) ("The reason

such a presumption is not used to prove the essential element of a crime is rather simple: [T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."), quoting *In re Winship*, 397 U.S. 358, 365, 90 S.Ct. 1068 (1970).

{¶18} Here, the City attempts to use a rebuttable presumption to prove an essential element of the offense. The City acknowledges that it was required to establish that OMUTCD-compliant signs were posted. It also acknowledges that it failed to offer evidence that the signs complied with the OMUTCD. However, the City argues that an unrebutted rebuttable presumption relieved it of its duty to prove that appropriate signs were posted. Presumptions may not be used in that manner in traffic or criminal prosecutions. Therefore, we reject the City's argument along with the inapposite civil cases it cites.

{¶19} Furthermore, even if we were to accept the rebuttable presumption as stated by the City, we note that the City did not offer evidence that would have triggered that presumption. In other words, the City argues that "there exists a rebuttable presumption that traffic signage *placed by a governmental entity* is legally erected in compliance with applicable law." (Emphasis added.) (Appellee's Brief at 4). The City offered no evidence that the "road closed" signs in this case were "placed by a governmental entity."

**{¶20}** This case is similar to *Columbus v. Gibbons*, 10th Dist. Franklin No. 87AP-681, 1988 WL 33591 (Mar. 15, 1988). That case involved Columbus City Code 2131.10(E), "No operator shall turn a vehicle at any intersection where signs, signals, or markings prohibit such turn *and have been erected or placed in accordance with Chapter 2105.*" (Emphasis sic.) *Id.* at *1. The Tenth District "conclude[d] that to prove a violation of C.C. 2131.10(E), the city must produce evidence proving beyond a reasonable doubt that the sign at issue was placed in accordance with C.C. Chapter 2105, and, more particularly, that the signs were placed under the authority of the service director." *Id.* The court reversed the trial court's conviction of the defendant because the city "failed to prove a central element of the offense charged," and the trial court "should have granted defendant's motion to dismiss." *Id.* The same is true in this case.

**{¶21}** After viewing the evidence in a light most favorable to the City, we conclude that no rational trier of fact could have found the essential elements of Sidney Traffic Code 331.24 proven beyond a reasonable doubt. Therefore, the trial court erred by entering a guilty verdict that was based on insufficient evidence.

**{¶22}** Alter's first assignment of error is sustained.

## Assignment of Error No. II

**Pastor Alter's conviction for violating City of Sidney Ordinance 331.24, driving upon street posted as closed for repair, is contrary to the manifest weight of the evidence.**

{¶23} In his second assignment of error, Alter argues that his conviction is against the manifest weight of the evidence.

{¶24} In light of our decision to sustain Alter's first assignment of error, his second assignment of error has been rendered moot, and we decline to address it. App.R. 12(A)(1)(c); *State v. Davis*, 1st Dist. Hamilton No. C-110620, 2012-Ohio-2642, ¶ 10 (noting that the court's holding that the defendant's conviction was not supported by sufficient evidence rendered moot his argument that his conviction was contrary to the manifest weight of the evidence).

{¶25} Having found error prejudicial to the appellant herein in the particulars assigned and argued in his first assignment of error, we reverse the judgment of the trial court and remand for further proceedings.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI, P.J. and ROGERS, J., concur.**

**/jlr**