[Cite as *State v. Meier*, 2023-Ohio-490.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-05-050 |
| | : | O P I N I O N |
| - vs - | | 2/21/2023 |
| | : | |
| MORTON W. MEIER, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 21TRD03142

Laura Gibson, Hamilton Municipal Court Prosecuting Attorney, for appellee.

Repper-Pagan Law, Ltd., and Christopher J. Pagan, for appellant.


**PIPER, J.**

{¶1}   Appellant, Morton Meier, timely appeals his minor misdemeanor conviction in the Hamilton Municipal Court.  After a trial to the bench Meier was found guilty as charged in the traffic citation for violating Hamilton Codified Ordinance 333.022.  Meier was issued a fine for $25.00 and ordered to pay court costs.

**EVENTS LEADING TO MEIER'S CITATION**

{¶2}   On September 7, 2021, Deborah Gleason was stopped at a stop sign on

northbound Lawn Avenue at its intersections with Main Street. Main Street is a two-lane road with one eastbound lane and one westbound lane. Apparently, there are no designated turn lanes.

{¶3} As she waited for traffic to clear, Gleason observed a red car approach from her left headed eastbound on Main Street. Gleason testified that the red car was approaching her position with the right turn signal activated. Before the red car was able to fully turn right onto Lawn Avenue, a black car attempted to pass the red car on the right. This resulted in a collision whereby the red car collided with the black car; the black car then collided into Gleason's vehicle.

{¶4} The red car was driven by Tamara Follmer. Follmer testified that she was proceeding eastbound on Main Street and had activated her right turn signal to turn right on Lawn Avenue. As she was turning, Follmer stated that the black car struck her vehicle smashing the right-side quarter panel. Follmer testified that she did not talk to the driver of the black vehicle after the accident because "he was screaming at us, telling us it was our fault."

{¶5} The black vehicle that attempted to pass on Follmer's right side was driven by Meier. Meier stated that he had just left the grocery store driving eastbound on Main Street. Meier testified that "I was driving east on Main Street following the traffic * * * I was driving along. Bam. Crash." Meier further testified that he did not know what had happened because he was "blind-sided on the left side." He explained "I was driving along and all of a sudden, bam on the left, crash on the right."

{¶6} After a Hamilton police officer investigated the collision, Meier was charged by citation with motor vehicle operation without reasonable control in violation of Hamilton Codified Ordinance 333.022. Following a bench trial before a magistrate, Meier was found guilty. Meier filed objections to the magistrate's guilty finding, which the trial court overruled.

Meier now raises two assignments of error for our review.

{¶7} Assignment of Error No. 1:

{¶8} THEIR [sic] CONVICTION FOR OPERATION WITHOUT REASONABLE CONTROL WAS UNLAWFUL BECAUSE NEGLIGENCE WAS THE CULPABLE MENTAL STATE, THE TRIAL COURT CONSIDERED PROPER CONTROL RATHER THAN REASONABLE CONTROL, AND THERE WAS INSUFFICIENT EVIDENCE TO CONVICT.

{¶9} In his first assignment of error, Meier argues his conviction was unlawful in not containing the culpable mental state of negligence and the trial court applied an improper standard for operating a motor vehicle.[1] For these and other suggested reasons Meier argues there was insufficient evidence to support the conviction.

{¶10} "Whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law." *State v. Grinstead*, 194 Ohio App.3d 755, 2011-Ohio-3018, ¶ 10 (12th Dist.). When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Thomin*, 12th Dist. Butler Nos. CA2019-11-188 and CA2019-12-199, 2020-Ohio-4625, ¶ 6. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. This test "requires a determination as to whether the state has met its burden of production at trial." *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 34. "When evaluating the sufficiency of the evidence,

---

1. When a statute fails to specify a degree of culpability, recklessness is the "catchall culpable mental state" except for strict liability statutes. *State v. Adams*, 12th Dist. Fayette No. CA2009-09-018, 2010-Ohio-1942, ¶ 8. Nevertheless, Meier maintains that the applicable culpability required in this case is negligence.

this court defers to the trier of fact regarding questions of credibility." *State v. Wesley*, 12th Dist. Butler No. CA2015-04-077, 2015-Ohio-5031, ¶ 7.

{¶11} Meier was found guilty of operation without reasonable control in violation of Hamilton Codified Ordinance 333.022, which states:

> (a) No person shall operate a motor vehicle * * * on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle * * *.
>
> (b) Whoever violates this section is guilty of operating a motor vehicle * * * without being in control of it, a minor misdemeanor. (ORC 4511.202)

{¶12} The trial court found Meier guilty of the minor misdemeanor offense. The trial court stated the evidence supported a finding that Meier inappropriately attempted to pass a vehicle on the right even though there was no lane available to make such a pass. The trial court found the testimony from Gleason and Follmer was credible. The trial court also stated:

> There were errors in the accident report, concerning the direction of the turn of the vehicle and whether this was a rear end damage accident. However, the testimony was clear and it established that Mr. Meier failed to properly control his vehicle and caused the accident herein. The Defendant's version of the incident was that he was simply following rush hour traffic and he was "blindsided on the left." However, he testified initially that he was unsure of what happened and went back to the scene of the collision to determine what had happened. He claimed he was just following traffic east. It is clear that the area of the accident does not consist of two lanes travelling east nor is there a middle turn lane. The location of the damage on the vehicles indicates that Mr. Meier would have had to be directly behind the first impacted vehicle immediately before the contact. However, he claims that he did not see that car before the accident. The testimony by the [City] established proof beyond a reasonable doubt that Mr. Meier was guilty of the offense charged herein.

{¶13} On appeal, Meier attempts to support this assigned error by pointing out that there were mistakes in the investigating police officer's report and therefore the issuance of

the citation was yet another "mistake." Despite acknowledging case law to the contrary, Meier states that the "caselaw is wrong for imposing strict liability when negligence is required." However, no binding or persuasive authority is cited for the proposition that strict liability is not to be applied.

{¶14} Meier further maintains the trial court erred when it found him guilty of failing to "properly" control his vehicle instead of parroting the words of the ordinance referring to the failure to maintain "reasonable" control. He also argues that the city had to prove "unreasonable loss of control" but does not elaborate further in applying his argument to the circumstances in this case. Finally, Meier argues that the city produced insufficient evidence that he committed a violation of Hamilton Codified Ordinance 333.022.

{¶15} Following review, we find the trial court's decision was supported by sufficient evidence and Meier's conviction was not otherwise unlawful. The city presented testimony from Gleason and Follmer who testified about the events leading up to the collision. The evidence showed that Meier drove to the right of Follmer's vehicle as if to pass her in the same lane of travel while Follmer was turning right. This resulted in a collision which damaged all three vehicles and caused injuries. The trial court specifically found that Gleason and Follmer were credible and found Meier guilty of the offense. As this court has previously stated, the trial court is in the best position to weigh the evidence and evaluate the witnesses' credibility. *State v. Lytle*, 12th Dist. Butler No. CA2018-04-077, 2018-Ohio-5046, ¶ 19.

{¶16} In so doing, we find the arguments raised by Meier are without merit. We disagree with Meier's suggestion that case law imposing strict liability should not be applied. The specific language of the ordinance makes it a strict liability offense. *Middleburg Hts. v. D'Ettorre*, 138 Ohio App.3d 700, 705-706 (8th Dist. 2000). The ordinance requires that a driver maintain "reasonable control" and the failure to do so results in a violation. *Id. See*

*State v. Simpson*, 5th Dist. Knox No. 07CA000022, 2008-Ohio-1165, ¶ 27 (strict liability is imposed upon a motorist when the vehicle being operated goes left of center); *Middleburg Hts. v. Troyan*, 8th Dist. Cuyahoga Nos. 105132 thru 105135, 2017-Ohio-7074, ¶ 8 (R.C. 955.22[C] requires a dog be under "reasonable control" of a person and is a strict liability offense).[2]

{¶17} In this case, Meier did not maintain reasonable control of his vehicle when he attempted to pass to the right of the vehicle in front of him, a vehicle making a right-hand turn, resulting in the collision. *State v. Lunsford*, 118 Ohio App.3d 380, 383 (12th Dist.1997) (defendant's failure to maintain reasonable control of his vehicle was not insufficient or against the manifest weight of the evidence); *State v. Larbus*, 160 Ohio App.3d 286, 2005-Ohio-1695, ¶ 15 (3d Dist.) (also finding such a conviction was not insufficient or contrary to the manifest weight). The trial court was correct in determining Meier's attempt to pass on the right was not reasonable when there was no lane permitting a right turn. The unreasonableness of Meier's operation of his vehicle is accentuated by the fact the vehicle he attempted to pass was turning right and had its turn signal blinking. In other words, Meier had no reason to expect he had a right of way in which to pass the turning vehicle.

{¶18} Even if negligence were the culpable mental state associated with the ordinance, as Meier suggests, the evidence here shows that Meier was, at the very least, negligent in failing to reasonably control his vehicle. *See* R.C. 2901.22 ("A person is negligent with respect to circumstances when, because of a substantial lapse from due care, the person fails to perceive or avoid a risk that such circumstances may exist"); *State v. Tipton*, 11th Dist. Portage Case No. 773, 1978 Ohio App. LEXIS 10632, at *2 (Mar. 20, 1978) (negligence is the least culpable mental state).

---

2. We find no need to duplicate the reasoning of numerous courts as to why strict liability has been routinely applied to statutes requiring reasonable control.

{¶19} Regarding the apparent errors in the investigating police officer's report, the trial court found those errors did not impact resolution of the case. The investigating police officer was not called as a witness. Rather, the trial court heard credible testimony from Gleason and Follmer. Both Gleason and Follmer provided clear testimony about the events leading up to the collision. We are likewise unpersuaded by Meier's argument that the trial court misstated the applicable standard contained in Hamilton Codified Ordinance 333.022. While the trial court stated that Meier failed to "properly control his vehicle," the trial court also cited the relevant ordinance and found "[t]he testimony presented by the [city] established proof beyond a reasonable doubt that Mr. Meier was guilty of the offense charged herein." The use of the term "properly" does not imply or suggest that the trial court did not recognize "reasonable control" is the ordinance's verbiage. Meier's lack of reasonable control was certainly improper. Finding no basis in any of Meier's arguments, we overrule his first assignment of error.

{¶20} Assignment of Error No. 2:

{¶21} THE TRIAL COURT IMPOSED AN UNLAWFUL COMMUNITY-CONTROL SENTENCE.

{¶22} In his second assignment of error, Meier argues the trial court improperly imposed a community control sentence. However, review of the record reveals this is not the case. The magistrate's decision does contain surplusage stating it "THEREFORE IMPOSES THE FOLLOWING COMMUNITY CONTROL SANCTIONS," which is followed by a blank line. Thereafter, the decision lists the court costs and $25 fine that was ordered for the violation. The trial court's decision overruling Meier's objections also did not impose a community control sanction. Contrary to Meier's suggestion, he is not on community control for this minor misdemeanor offense. Therefore, Meier's second assignment of error is overruled.

**{¶23}** Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.